Raymond John **WAGNER**, Anthony Joseph Cambiano and Donald Vandergrift, Appellants,

v.

**UNITED STATES of America,**
Appellee.

Misc. No. 649.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1957.

James P. Cantillon, Beverly Hills, Cal., and Ernest L. Graves, Wilmington, Cal., Cantillon & Cantillon, Beverly Hills, Cal., for appellant Vandergrift.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Asst. U. S. Atty., Chief Criminal Division, and T. Conrad Judd, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ORR, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

Vandergrift applies here for bail. He has made previous application in the District Court for bail after conviction

of armed robbery of a postal employee (while acting as such) of the United States. Prior to sentence he was at large on bail of $10,000. The trial court has denied bail pending appeal upon the ground that the appeal was frivolous.

 Another division or panel of this Court on October 25, 1957, entered an order permitting Vandergrift and his codefendants to appeal on a transcript of record at government expense. We accept that as determining here the law of the case to be that the appeal is not frivolous for the reason that that panel has not indicated it will further consider the question of frivolity when the transcript arrives, but has entered orders which contemplate the hearing of the appeals upon such points as the appellants may assert.

The government resists bail here, but also asserts, if bail be granted, the amount be not less than $30,000. And Vandergrift's counsel for the day (who represents him is elusive) says that he stipulates bail should be $30,000. This seems inconsistent with Vandergrift's poverty, but that is not our question for decision.

 Had bail originally been nominal, we would be inclined to act now. But the prior bail of $10,000 indicates some possible question at the outset as to the defendant's responsibility to the orders of the Court. Since then he has been convicted and received a long sentence.

 While the Constitution provides that bail shall not be excessive, Const. Amend. 8, yet that is not to say that every defendant is entitled to bail.

Therefore, the District Court is directed to reconsider its prior determination (after conviction) and make a further determination whether it considers Vandergrift a substantial risk to respond on $30,000 bail or any higher sum if he should be enlarged.* For this, it is better equipped than we.

After such determination, if Vandergrift is again denied bail in the District Court, he may apply here without prejudice from the current petition which we now reject.

---

\*   See Ward v. United States, 76 S.Ct. 1063, 1 L.Ed.2d 25.