**Victor HAVAS and Arlene Havas, Plaintiffs-Appellants,**

v.

**John T. THORNTON et al., Defendants-Appellees.**

No. 77-3139.

United States Court of Appeals, Ninth Circuit.

Nov. 21, 1979.

Rehearing Denied Dec. 26, 1979.

Victor Havas, pro se.

Henry H. Rawlings, Jr., William P. Curran, Las Vegas, Nev., argued, for defendants-appellees; Cromer, Barker & Michaelson, Las Vegas, Nev., on brief.

Before WRIGHT and ANDERSON, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

Victor Havas and Arlene Havas, his wife, brought this action under 42 U.S.C. §§ 1983[1] and 1985,[2] for damages and injunctive relief, claiming a conspiracy to deprive them of their civil rights to liberty, property, and due process of law. They named as defendants various officials of the State of Nevada and Clark County, Nevada, and members and officers of the Metropolitan Police Department of Clark County, together with the City of Las Vegas, Clark County, and the State of Nevada. They appeal from a judgment dismissing the third, fourth, fifth, sixth, seventh, and eighth causes of action of their amended complaint and dismissing the entire action as to all defendants except five named police officers.[3] We affirm.

Causes of action three through eight allege civil rights violations resulting from (1) the filing of a civil complaint by the office of the Attorney General of Nevada, Consumer Affairs Division, seeking a preliminary and permanent injunction against Havas and alleging the unauthorized repair of a motor vehicle, deceptive and misleading advertising, and false and deceptive trade practices;[4] and (2) an administrative action

---

* Of the District of Montana.

1. 42 U.S.C. § 1983 provides:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. § 1985(3) provides in pertinent part:

   If two or more persons in any State . . . conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages . . . . .

3. Appellant's brief states that the first two causes of action (involving an arrest of Victor Havas for allegedly harboring a fugitive) "do not purport to state a claim against such other defendants, so that portion of the order is not a part of this appeal".

4. The suit resulted from the complaint of a woman, who was also named as a defendant, who allegedly left her car for repairs at Havas' place of business after receiving an estimate

by the Department of Motor Vehicles of the State of Nevada, seeking revocation of a used dealer's license issued to Courtesy R V Motors, in which Havas had some interest.

Plaintiffs allege, *inter alia*, that the actions of the defendants were malicious and intentional and for the purpose of harassing and intimidating plaintiff Victor Havas in violation of his fourth, fifth, and fourteenth amendment rights; that defendants' actions have "subjected Plaintiff to a violation of his Civil Rights, to his right to privacy, and due process of law"; and that both plaintiffs "have lost and will in the future lose large sums of money by reason of having been greatly humiliated and held up to public scorn and derision as a result of the . . . acts of the defendants".

The defendants filed motions to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Following the filing of briefs and oral argument the district court ordered dismissal in open court for the reason that the causes of action three through eight stated "no deprivation of a federally-protected civil right,[5] and that the defendants named as defendants are immune under the controlling precedents." An order was entered pursuant to Rule 54(b) certifying that there was no just reason for delay and directing the entry of judgment. This appeal was taken from the judgment of dismissal.

Appellants contend that the district court erred in (1) determining that causes of action three through eight did not seek vindication of any federally protected rights; (2) determining that the dismissed defendants were immune from liability; (3) ordering dismissal without affording plaintiffs an opportunity to further amend their complaint; and (4) dismissing the claim for injunctive relief.

■ It is well settled that in order to recover under either § 1983 or § 1985(3) it is necessary to allege facts showing a deprivation of rights secured by the Constitution or laws of the United States, and that merely because the acts are performed by public officials, a state-law tort claim is not thereby transmuted into one for the deprivation of rights secured under the Fourteenth Amendment.

In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Court reviewed many prior decisions in holding that defamation, even by public officials acting under color of state law, is not actionable under § 1983.[6] The Court noted that in the leading case of *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), the Court had considered the proper application of the criminal counterpart of § 1983, and had recognized that, "Violation of local law does not necessarily mean that federal rights have been invaded." In *Screws* the plurality opinion had "observed that Congress should not be understood to have attempted 'to make all torts of state officials federal crimes. It brought within [the criminal provision] only specified acts "un-

and upon her return was presented with a substantially larger bill, in violation of Nevada law. It is alleged that summary judgment in that action was entered in favor of Havas.

5. The court, after noting that a federal court is a court of limited jurisdiction, stated to Victor Havas, who had argued his own case: "If you do have any just claim for most of the things you have talked to me about, you ought to bring an action in the State Court and not in the Federal Court."

6. In *Paul v. Davis*, a photograph of the plaintiff-respondent, bearing his name, was included in a "flyer" of "active shoplifters" distributed by defendants-petitioners, two chiefs of police, to approximately 800 merchants. Plaintiff had been arrested on a charge of shoplifting approximately 18 months earlier, had been arraigned and pleaded not guilty, and the charge had been "filed away". Shortly after the circulation of the flyer the charge was dismissed. The district court granted a motion to dismiss, ruling that the facts alleged did "not establish that plaintiff has been deprived of any right secured to him by the Constitution of the United States." The Court of Appeals reversed, concluding that plaintiff had set forth a § 1983 claim "in that he has alleged facts that constitute a denial of due process of law." The Supreme Court agreed with the district court and held that plaintiff had failed to state a claim under § 1983.

der color" of law and then only those acts which deprived a person of some right secured by the Constitution or laws of the United States'." *Paul v. Davis*, 424 U.S. at 700, 96 S.Ct. 1155, 1160, quoting *Screws v. United States*, 325 U.S. at 109, 65 S.Ct. 1031. The Court also stated in *Paul v. Davis* that it had noted "the 'constitutional shoals' that confront any attempt to derive from congressional civil rights statutes a body of general federal tort law, *Griffin v. Breckenridge*, 403 U.S. 88, 101–102, [91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338, 347–48] (1971); a *fortiori*, the procedural guarantees of the Due Process Clause cannot be the source for such law." [7] *Id.* 424 U.S. at 701, 96 S.Ct. at 1160.

In attempting to distinguish *Paul v. Davis*, appellants state in their reply brief that they are not "seeking relief for alleged defamation, except as such defamation itself is incidental to the real purpose of the conspiracy as alleged." They claim that the conspiracy was intended to drive them out of business and by an injunction to keep them from ever engaging in the automobile business again. They rely on a statement in *Paul v. Davis* that a line of previous cases "does not establish the proposition that reputation alone, *apart from some more tangible interests* such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Id.* at 701, 96 S.Ct. at 1161. (Emphasis added.) That language must be read in the context of employment cases, such as *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), where the Court recognized that governmental action defaming an individual in the course of declining to rehire him could entitle the person to notice and opportunity to be heard as to the defamation. The Court noted, however, that the language of this holding in *Roth* "is quite inconsistent with any notion that a defamation perpetrated by a government official but unconnected with any refusal to rehire would be actionable under the Fourteenth Amendment." *Id.* 424 U.S. at 709, 96 S.Ct. at 1164.

The Court in *Paul v. Davis* also distinguished prior cases where "a right or status previously recognized by state law was distinctly altered or extinguished." The Court concluded:

> Kentucky law does not extend to respondent any legal guarantee of present enjoyment of reputation which has been altered as a result of petitioners' actions. Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under the State's laws. For these reasons we hold that the interest in reputation asserted in this case is neither "liberty" nor "property" guaranteed against state deprivation without due process of law.

*Id.* at 711–712, 96 S.Ct. at 1165–1166.

Appellants also argue that they have alleged an invasion of their rights to "personal privacy". A similar claim was rejected in *Paul v. Davis*. The Court noted that while "there is no 'right of privacy' found in any specific guarantee of the Constitution, the Court has recognized that 'zones of privacy' may be created by more specific constitu-

---

7. In *Griffin v. Breckenridge*, the Court said:

  The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language re-

quiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all. 403 U.S. at 102, 91 S.Ct. at 1798.

tional guarantees and thereby impose limits upon government power. See *Roe v. Wade*, 410 U.S. 113, 152–153, [93 S.Ct. 705, 726, 35 L.Ed.2d 147, 176–178] (1973)." *Id.* at 712–713, 96 S.Ct. at 1166. The Court concluded, however, that respondent's claim was

> far afield from this line of decisions. He claims constitutional protection against the disclosure of the fact of his arrest on a shoplifting charge. His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be "private," but instead on a claim that the State may not publicize a record of an official act such as an arrest. None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner.

*Id.* at 713, 96 S.Ct. at 1166.

 We conclude, as did the district court, that *Paul v. Davis* is controlling and that plaintiffs have failed to state a claim for deprivation of a federally-protected civil right.[8]

 Appellants argue further that it was error for the district court to grant a motion to dismiss under Rule 12(b)(6) without leave to amend.[9] It is of course well established that the allegations of a complaint should be construed favorably to the pleader and the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It is clear, however, that leave to further amend the complaint would have served no purpose, since the acts complained of could not con-

stitute a claim for relief under either § 1983 or § 1985.

Finally, appellants contend that it was error for the district court to deny injunctive relief even though it dismissed the claim for damages. In view of our conclusion, however, that the allegations of the amended complaint fail to show any deprivation of federally-protected rights, injunctive relief could not be granted. Federal-state relationships are also involved in injunctive relief. See *Rizzo v. Goode*, 423 U.S. 362, 377, 380, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Lewis v. Hyland*, 554 F.2d 93, 98 (3 Cir.), *cert. denied*, 434 U.S. 931, 98 S.Ct. 419, 54 L.Ed.2d 291 (1977).[10]

The judgment of dismissal is affirmed.

---

8. We agree with the district court that any action by the plaintiffs for the wrongs alleged should be brought in state court.

9. There was no formal motion to file an amended complaint. During the oral argument the trial judge commented that he did not find any allegations which affected Arlene Havas. Her counsel then stated that he would ask the court to allow him time "to redraft the complaint with respect to her". Moreover, the order cer-

tifying that there was no just cause for delay and directing the entry of judgment was made on the motion of the plaintiffs.

10. In view of our conclusion that the causes of action were properly dismissed for failure to state a claim, it is unnecessary to consider appellants' claim that the district court erred in finding the dismissed defendants immune from liability.