**Joaquin ALONZO, Plaintiff-Appellant,**

v.

**ACF PROPERTY MANAGEMENT, INC., a Corporation, Defendant-Appellee.**

No. 79–3002.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1980.

Decided March 9, 1981.

Rehearing Denied April 22, 1981.

Jesse L. Halpern, Halpern & Halpern, Encino, Cal., for plaintiff-appellant.

Robert S. Stearns, Hollywood, Cal., for defendant-appellee.

Before WALLACE and ALARCON, Circuit Judges, and COPPLE,* District Judge.

WALLACE, Circuit Judge:

This is an appeal from a final order, entered by the district court, granting a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The motion was granted on the grounds that the action was barred by the California statute of limitations. The action was brought by Alonzo, a citizen of the Republic of Mexico, against ACF Property Management, Inc. (ACF), a California corporation, for damages Alonzo sustained while on the property owned by ACF. Jurisdiction was invoked pursuant to 28 U.S.C. § 1332, there being diversity of citizenship and damages alleged in excess of $10,000. We affirm in part and reverse and remand in part for reconsideration.

I

Alonzo sustained bodily injuries on October 23, 1976, as a result of falling from the second story of an apartment owned, maintained, controlled and operated by ACF. Alonzo alleges that his injuries were a result of ACF's negligence.

Alonzo filed a complaint in the district court on October 25, 1977. California Code of Civil Procedure § 340(3) provided that the statute of limitations for personal injuries due to negligence was one year. The final day for filing, October 23, 1977, was a Sunday, and both federal and state courthouses were closed. Monday, October 24, 1977, was a federal holiday (Veterans Day) and as a result federal courthouse offices were closed. State offices, however, were open for business because the State of California observed Veterans Day on November 11, 1977, pursuant to statute. *See* Cal. Government Code § 6700. ACF was served with the summons and complaint and subsequently successfully moved to dismiss the action with prejudice for failure to state a claim upon which relief can be granted.

II

■ A ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is a ruling on a question of law. *Yuba Consol. Gold Fields v. Kilkeary,* 206 F.2d 884, 889 (9th Cir. 1953). As a question of law, the district court's decision is freely reviewable by the court of appeals. *United States v. Rosales,* 584 F.2d 870, 872 (9th Cir. 1978). We recognize that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proven. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

Alonzo alleges that in a federal diversity action, the statute is tolled when, as here, the last day for filing falls on a Saturday, Sunday or holiday. Fed.R.Civ.P. 6(a). Because the federal courts observed the day in question as a holiday and were closed, Alonzo claims he is entitled to one more day within which to file in the federal court. The district court disagreed, relying upon

---

\* Honorable William P. Copple, United States District Judge, District of Arizona, sitting by designation.

*Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

*Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), teaches that "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State." *Id.* at 78, 58 S.Ct. at 822. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945), applied *Erie* to statutes of limitations, holding that the state statute governed. In *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Court held applicable the tolling provision of the state statute of limitations, requiring service of summons within the statutory period. Broad language in *Ragan* suggests that any provision "integral to" the state statute of limitations must be applied in a diversity case. *Id.* at 533–34, 69 S.Ct. at 1234–35.

The validity of the *Ragan* decision had been seriously questioned as a result of the Supreme Court decision in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). In *Hanna*, the issue was whether in a Federal diversity of citizenship suit, Rule 4(d)(1) of the Federal Rules of Civil Procedure rather than state law governed the manner in which process was served. Massachusetts law had provided for in-hand service on an executor or administrator of an estate, whereas Rule 4 allowed service of process to be completed by leaving copies of the summons and complaint at the defendant's home with a person "of suitable age and discretion." The Court held that the Federal Rule of Civil Procedure would control. *Id.* at 473–74, 85 S.Ct. at 1145. The Court distinguished *Ragan* from the situation in *Hanna* by stating that the choice between the state in-hand service rule and the federal service rule "would be of scant, if any, relevance to the choice of forum," for in filing the action the plaintiff "was not presented with a situation where application of the state rule would wholly bar recovery; rather, adherence to the state rule would have resulted only in altering the way in which process was served." *Id.* at 469, 85 S.Ct. at 1142 (footnotes omitted). That factor distinguished the situation in *Hanna* from the situation in *Ragan* since the application of the state statute of limitations rule in *Ragan* would wholly bar the plaintiff's recovery.

The Court reaffirmed the applicability of *Ragan* recently in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). The situation in *Armco Steel* presented the Court with the identical question as that involved in *Ragan*: whether the state statute of limitations provision requiring service of process to toll the statute, or the federal rule requiring only filing of the complaint was applicable. The Court reaffirmed that it had distinguished *Ragan* from *Hanna* rather than overruled it. The state statute of limitations represented the important state policy: "that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim." *Id.* at 751, 100 S.Ct. at 1985. The statute also established a "deadline after which the defendant may legitimately have peace of mind." *Id.* Such "policy aspects" of the state service requirement were thus "an integral" part of the statute. *Id.* at 752, 100 S.Ct. at 1986. As a result, because there was no direct conflict between the state and the federal rule, the *Hanna* analysis did not apply and the state statute of limitations was therefore applicable. *Id.*

In the instant case, Alonzo contends that the district court should have applied Fed.R.Civ.P. 6(a), the effect of which would have been to toll the statute of limitations until October 25, 1977, the date on which filing actually took place.[1] Although *Arm-*

---

1. Federal Rule of Civil Procedure 6(a) provides in part:

   In computing any period of time prescribed or allowed by these rules, by the local rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday . . . .

*co Steel* was not cited to us, we find it controlling. Computation of time provisions, like the commencement of action provisions involved in *Ragan* and *Armco Steel*, are "an integral part of the statute of limitations." The computation of time provisions reflect a strong policy in favor of recognition of certain state holidays on specified days. As a result, we find that *Ragan* and *Armco Steel* require the district court to use the state rather than the federal computation of time statute.

### III

Time computation by state law does not, however, fully resolve this case. A more difficult question is whether the California statute of limitations was tolled under California law. Both federal Rule 6(b) and California Code of Civil Procedure § 12 provide that for the purpose of computing time, when the final day in which an action is to be done falls on a holiday, time shall be computed by excluding the last day. The California Supreme Court has stated that the purpose of section 12 is to give persons an extension of time equal to the number of intervening holidays that deprive them of access to public offices or institutions for the transaction of their business. *Laubisch v. Roberdo*, 43 Cal.2d 702, 710, 277 P.2d 9, 14 (1954). Section 12(a) states that "[t]he term 'holiday' as used herein shall mean all holidays specified in Sections 6700 and 6701 of the Government Code ...." Government Code section 6700 specifically designates that Veterans Day is to be observed by the state on November 11. That section also provides, however, that "[e]very day appointed by the President or Governor for a public fast, thanksgiving, or holiday," shall be a holiday in the state. Cal. Government Code § 6700(m).

The question is whether October 24, 1977, was a "day appointed by the President for a public fast, thanksgiving, or holiday" within the meaning of section 6700. Unfortunately, this issue was not addressed by either

party. The California courts have previously defined the term "holiday" as a "day set apart ... to rejoice over some great national or historic event ...." *Vidal v. Backs*, 218 Cal. 99, 105, 21 P.2d 952, 955 (1933). A Presidential proclamation was issued on September 13, 1977 by President Carter asking all Americans to observe Monday, October 24, 1977, as Veterans Day. The proclamation stated in part:

> I urge the conduct of public ceremonies, the visible tribute of members of the business community, and the personal participation of all Americans of all ages in honoring our Nation's veterans....
>
> I call upon Federal, State and local officials to mark Veterans Day by displaying the flag of the United States and by supporting and encouraging public involvement in appropriate exercises and programs.

3 CFR, 1977 Comp., p. 44.

The question in this case, as we see it, is not whether the state court houses were open for business, but whether the day in question is a "holiday" as defined by state law. It is not clear whether October 24, 1977, qualifies under section 6700(m). The issue should have been raised and was not. We exercise our discretion to consider it. We conclude, however, that the district judge should be given the first opportunity to determine the issue. We express no opinion on the merits of the question.

### IV

We find that Federal Rule of Civil Procedure 6(a) is inapplicable under the rule of *Ragan* and *Armco Steel*. The California computation of time statute controls this case. We do find it necessary, however, to remand the case to the district court for further determinations with respect to whether the Presidential proclamation constituted a "day appointed by the President" within the meaning of California Government Code § 6700(m).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.