**UNITED STATES of America, Plaintiff,**

v.

**DAIEI MARU NO. 2 with her fishing gear, furniture, appurtenances, stores, fish, and cargo, in rem, and Daiei Fishing Co., Ltd., in personam, Defendants.**

No. A82–165 CIV.

United States District Court,
D. Alaska.

Aug. 11, 1982.

Michael Spaan, U.S. Atty., Anchorage, Alaska, for plaintiff.

---

Richard J. Riordan, Jr., Bradbury, Bliss & Riordan, Inc., Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court on defendant Daiei Fishing Co., Ltd.'s motion to dismiss plaintiff's 10th claim for relief for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Jurisdiction exists pursuant to 16 U.S.C. §§ 1860(b), 1861(d) and 28 U.S.C. §§ 1333, 1345 and 1355.

## I. FACTS

Coast Guard personnel boarded the DAIEI MARU NO. 2 on April 27, 1982 approximately 168 miles west of St. Matthew Island and within the fishery conservation zone established by the Fishery Conservation and Management Act (FCMA), 16 U.S.C. §§ 1801–1882 (Supp.1980). The Coast Guard noted activity in violation of 16 U.S.C. §§ 1821 and 1857, including failure by the vessel to stop when instructed to do so (16 U.S.C. §§ 1821 and 1857(1)(D) and (H), 50 C.F.R. § 611.6); interference by the vessel with its search and apprehension (16 U.S.C. §§ 1821 and 1857(1)(E) and (H), 50 C.F.R. §§ 611.7(a)(5) and (8)) and discrepancies in the logging of daily catch, disposition of catch and cumulative daily catch for several species of fish (16 U.S.C. §§ 1821 and 1857; 50 C.F.R. §§ 611.9(d)(2)(vi), (vii) and (viii)). The Coast Guard then seized the vessel.

## II. MOTION TO DISMISS

In its first nine claims for relief, plaintiff alleges the foregoing violations by the defendant vessel. By reason of the violations alleged in claims one through nine, plaintiff claims the vessel became subject to forfeiture pursuant to 16 U.S.C. § 1860(a). In its tenth claim for relief, plaintiff alleges the defendant Daiei Fishing Co., Ltd., the vessel's owner, is personally liable for the violations of the vessel and therefore liable in personam for a monetary penalty equal to the value of the vessel with her fishing gear, furniture, appurtenances, stores and cargo.

A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven. *Alonzo v. ACF Property Management Inc.,* 643 F.2d 578, 579 (9th Cir.1981). The court finds that it lacks statutory authority under 16 U.S.C. §§ 1861(d)(4) and 1860(b) to enter an in personam judgment against Daiei Fishing Co., Ltd. Consequently, no state of facts exists which, if proven, would entitle the plaintiff to the relief sought and the motion should be granted.

In order to effect the purposes of the FCMA, Congress established a comprehensive scheme of remedies for violations. The major remedies include civil penalties assessed against a person by the Secretary of Commerce or his designee after notice and hearing in an amount not to exceed $25,000 for each violation, 16 U.S.C. § 1858(a); criminal punishment of persons guilty of violations by a fine not to exceed $50,000 or imprisonment for not more than six months, or both, 16 U.S.C. § 1859(b); and civil forfeitures of any fishing vessel used (including its fishing gear, furniture, appurtenances, stores and cargo), and any fish taken in connection with a violation, 16 U.S.C. § 1860(a). All or part of any vessel may be forfeited pursuant to a civil proceeding. *Id.* Nowhere in the statute, however, does Congress authorize this court to enter an in personam judgment against the owners of a vessel found in violation. Nor does the legislative history of the Act suggest any such intent. *See generally* S.Rep. No. 711, March 24, 1976, 94th Cong. 2d Sess. 57, *reprinted in* 1976 U.S.Code Cong. & Ad. News 593, 681.[1]

Plaintiff argues the decision in *United States v. Kaiyo Maru No. 53,* 503 F.Supp.

1. The conference report states that 16 U.S.C. § 1860(a) is an amalgam of pertinent provisions of the House bill and the Senate amendment. S.Rep. No. 711, March 24, 1976, 94th Cong. 2d Sess. 57, *reprinted in* 1976 U.S.Code Cong. & Ad.News 593, 681. The House bill provided in § 310: "Any district court of the United States shall have jurisdiction, upon ap-

1075 (D.Alaska 1980) supports its assertion of an in personam statutory remedy against the defendant owner. In *Kaiyo Maru No. 53,* the court concluded that the violations by the vessel and its owners did not warrant an entire forfeiture of the vessel. Thus the court assessed a monetary penalty of $450,000 against the vessel. *U.S. v. Kaiyo Maru No. 53,* 503 F.Supp. at 1090. The vessel's owners were required to pay that penalty. *Id.* It is emphasized, however, that the forfeiture by the owners of a monetary penalty was in lieu of a forfeiture of the entire vessel or any part thereof. The court's earlier reasoning is instructive:

> The bond or other security must be conditioned upon delivering the property to the appropriate court upon its order or by paying in the monetary value of such property pursuant to court order. This suggests that in the event that a fishing vessel is discharged on bond, *the court, upon declaring forfeiture, may declare that the vessel be delivered up in execution of the decree or that the monetary value of the vessel be paid over on court order.*

*U.S. v. Kaiyo Maru No. 53,* 503 F.Supp. at 1089 (emphasis supplied). Plaintiff's argument that the only thing which prevented the court from entering an in personam judgment against the owner was the failure of the government to join the owner as defendant finds no support in the decision.

Plaintiff also argues that a close reading of the Act shows that Congress contemplated in personam relief against owners in actions for forfeiture. It directs the court's attention to 16 U.S.C. § 1857(1), which makes it unlawful for any "person" to commit listed acts, and to 16 U.S.C. § 1802(19), wherein "person" is defined to include foreign corporations such as the moving party. That Congress made it unlawful for persons to violate the Act does not imply the need for a remedy in addition to those civil and criminal which the statute authorizes against persons.

Plaintiff further argues the Act's requirement at 16 U.S.C. § 1821(c)(2)(F) for an owner to appoint and maintain an agent within the United States to receive and respond to legal process can have no purpose but for joinder as in personam defendant in forfeiture actions. This argument overlooks the owner's statutory right to notice and an opportunity to respond to the proposed assessment of a civil penalty in 16 U.S.C. § 1858(a).

Finally, it does not follow, as plaintiff asserts, that because a forfeiture might work greater hardship on a vessel's mortgagee than upon its owner that the remedy of forfeiture is any less a deterrent, or that the court may hypothesize a gap in an otherwise comprehensive scheme.

Accordingly, IT IS ORDERED:

THAT defendant Daiei Fishing Co., Ltd's motion to dismiss plaintiff's tenth claim for relief for failure to state a claim upon which relief can be awarded is granted.

---

plication by the Secretary or the Attorney General, to order forfeited to the United States any fishing vessel, catch, cargo, fishing gear or the monetary value thereof as determined by the court...." H.R. 200, 94th Cong. 1st Sess. *reprinted in* A Legislative History of the Fishery Conservation and Management Act of 1976,

812 (Comm.Print 1976). Even if Congress intended to retain the House bill's remedy for forfeiture of the monetary amount of the vessel, such a remedy is expressed as an alternative to and not in addition to forfeiture of the vessel.