**L.R. BRETZ, Plaintiff-Appellant,**

v.

**Zollie KELMAN, Jack R. Lande, Eugene R. Welborn, Donald Zeman, James Cook, and the City of Great Falls, Montana, a municipal corporation, Defendants-Appellees.**

No. CA 82–3111.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1983.

Decided Dec. 20, 1983.

L.R. Bretz, Billings, Mont., for plaintiff-appellant.

William Conklin, Gregory H. Warner, Graybill, Ostrem, Warner & Crotty, Great Falls, Mont., for defendants-appellees.

Before ANDERSON and FLETCHER, Circuit Judges, and TAYLOR,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

In this case we must determine whether an alleged plan to prosecute Bretz, including a scheme to coerce witnesses and falsify evidence, states an actionable wrong under 42 U.S.C. § 1983. Because we agree with the district court that Bretz' amended complaint fails to allege the violation of a constitutionally protected interest, we affirm.

On October 24, 1976, Jack Lande, Eugene Welborn, and a third man were arrested for burglarizing the residence of Zollie Kelman. On January 26, 1977, Bretz, who had been in prison since December 1, 1976 on an unrelated felony conviction, was charged with conspiracy to commit the burglary of Kelman's residence. The conspiracy charges against Bretz were dismissed at trial for lack of credible evidence. He then applied for bail pending appeal of his other felony conviction. The application was denied. Bretz alleges the denial was caused by the prosecution of the conspiracy charge.

Bretz contends that the conspiracy charge was a scheme on the part of Kelman, the two burglars, two Great Falls policemen, and the City of Great Falls to prevent him from being granted bail. According to Bretz, Kelman, Lande, and Welborn staged the entire burglary in a scheme to implicate Bretz. They then convinced the two city police officers to threaten witnesses into giving false testimony. All five defendants allegedly committed perjury, threatened and coerced witnesses, and concealed and falsified evidence.

Bretz filed this action seeking damages under § 1983.[1] Defendants moved to dismiss on a number of grounds, including failure to state a claim under Fed.R.Civ.P. 12(b)(6). Concluding that Bretz' amended complaint stated only a state claim for malicious prosecution or defamation, the district court dismissed.

## I.

A ruling on a motion to dismiss for failure to state a claim upon which relief can be granted is a ruling on a question of law. *Alonzo v. ACF Property Management, Inc.,* 643 F.2d 578, 579 (9th Cir.1981). As a question of law, the district court's decision is freely reviewable by the court of appeals. *Id.* Under Fed.R.Civ.P. 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *SEC v. Seaboard Corp.,* 677 F.2d 1315, 1316 (9th Cir. 1982).

As a matter of pleading a § 1983 action, plaintiff must allege facts establishing a deprivation of rights secured by the Constitution or laws of the United States. *Havas v. Thornton,* 609 F.2d 372, 374 (9th

---

* The Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

1. Bretz' complaint also sought a remedy under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* is unavailable against state defendants where the plaintiff has a statutory remedy under § 1983. *Ward v. Caulk,* 650 F.2d 1144, 1147–48 (9th Cir.1981).

Cir.1979). In this circuit, facts alleging the common law tort of malicious prosecution alone are insufficient to state a deprivation of constitutional rights. *Cline v. Brusett,* 661 F.2d 108, 112 (9th Cir.1981); *Paskaly v. Seale,* 506 F.2d 1209, 1212 (9th Cir.1974). In *Cline,* however, this court recognized an exception "for malicious prosecutions conducted with the intent of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights." *Cline,* 661 F.2d at 112. The issue is, therefore, whether Bretz' complaint can be construed to implicate any interests apart from those for which he has a remedy under the common law of malicious prosecution. If there are such additional interests, we must then inquire whether they are constitutionally protected. *Cf. Parratt v. Taylor,* 451 U.S. 527, 535–37, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420, 429–30 (1981) (emphasizing distinction between life, liberty, or property interest and the deprivation of that interest without due process).

 Beyond the bare and wholly conclusory allegation that defendants' conduct deprived him of due process and equal protection, Bretz specifically alleges three injuries: denial of bail pending appeal, damage to his reputation, and invasion of his privacy. None of the injuries alleged in this case infringes a constitutionally protected interest. There is no constitutional right to bail—pending appeal or otherwise—and the grant or denial of bail was within the sound discretion of the state trial court. *Kelly v. Springett,* 527 F.2d 1090, 1093 (9th Cir. 1975); *Wagner v. United States,* 250 F.2d 804, 805 (9th Cir.1957). Nor has Bretz a constitutionally protected interest in his reputation. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Havas v. Thornton,* 609 F.2d 372 (9th Cir.1979). As to Bretz' privacy interest, the Supreme Court in *Paul* rejected the assertion that a right to be free from false accusation is included in the right of personal autonomy recognized in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). *Paul,* 424 U.S. at 713, 96 S.Ct. at 1166, 47 L.Ed.2d at 420–21. *See also Havas v. Thornton,* 609 F.2d at 375–76.

## II.

The amended complaint vaguely implies that a liberty interest was implicated because Bretz was arrested, booked, fingerprinted, assigned a criminal identification number and charged with a criminal offense. Even assuming these minimal intrusions amount to a deprivation of liberty, we do not believe the deprivation was accomplished without due process.

The Supreme Court has decided that in a situation where there is no practical way to provide a pre-deprivation hearing, a post-deprivation hearing provided at a meaningful time and in a meaningful manner will suffice to satisfy the requirements of due process. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345 (9th Cir.1981). The very nature of the alleged deprivation to Bretz' liberty interest precludes the possibility of a pre-deprivation hearing. Therefore, we must examine this case in light of the Supreme Court's decision in *Parratt.*

In *Cline v. Brussett,* 661 F.2d 108 (9th Cir.1981), we were presented with a complaint that alleged a conspiracy to convict appellant on groundless charges and deny him a fair trial by, among other things, bribing witnesses, stirring up adverse media attention and knowingly presenting false evidence and perjured testimony. It was decided that "an interest in liberty was impaired under circumstances in which appellant's allegations strongly suggest that a post-deprivation hearing under state law would not afford him constitutionally required due process." *Cline,* 661 F.2d at 112. We are not persuaded that the circumstances in this case, however, indicate that the post-deprivation procedures did not or would not afford Bretz due process. Moreover, *Cline,* decided after *Parratt,* failed to consider its express holding.

Unlike Cline, who alleged that he was deprived of his right to a fair trial, Bretz does not claim that his trial was in any way deficient or fundamentally unfair. The al-

legations of wrongdoing in the amended complaint are limited to the use of false testimony and fabricated evidence at the pretrial stage of the prosecution. Since the charges against Bretz were ultimately dismissed at the conclusion of the state's case, it must be conceded that the trial accomplished its intended purpose of evaluating the evidence presented in support of the government's charge. Thus, where Cline temporarily suffered the consequences of a criminal conviction as a result of his allegedly unfair trial, Bretz was actually cleared of the "false" charges at his admittedly fair trial. Moreover, any injuries incurred by Bretz as a result of the government's prosecution could be fully compensated in a civil action alleging, for example, malicious prosecution, abuse of process, or false imprisonment. *See Clifford v. Great Falls Gas Co.,* 68 Mont. 300, 216 P. 1114 (1923).

We recognize the existence of cases from other circuits which have held that allegations describing the use of false evidence and perjured testimony by government officials are sufficient to state a claim under 42 U.S.C. § 1983. *E.g., Slavin v. Curry,* 574 F.2d 1256, 1261 (5th Cir.1978), *overruled in part on other grounds; Jennings v. Shuman,* 567 F.2d 1213, 1221 (3d Cir.1977); *McShane v. Moldovan,* 172 F.2d 1016, 1019 (6th Cir.1949); *Muller v. Wachtel,* 345 F.Supp. 160, 161–62 (S.D.N.Y.1972). However, these cases were decided prior to *Parratt* and did not specifically address the question of post-deprivation remedies. Therefore, we do not regard them as persuasive authority for the proposition that Bretz has alleged a denial of his liberty interests without due process.

We have construed Bretz' amended complaint liberally, as we are required to do in civil rights cases. *Morrison v. Jones,* 607 F.2d 1269, 1275 (9th Cir.1979), *cert. denied,* 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980). Still, with the exception of those interests discussed in part I above, we do not believe it alleges deprivation of interests independent of those protected by a state tort action.

Accordingly, we
AFFIRM.

FLETCHER, Circuit Judge, dissenting:

I respectfully dissent. Contrary to the majority's view, I find the result in this case controlled by this court's decision in *Cline v. Brusett* 661 F.2d 108, 112 (9th Cir. 1981).

In *Cline,* we squarely held that police officers' conduct in bribing witnesses and knowingly presenting false evidence against an accused gave rise to a cause of action under 42 U.S.C. § 1983 because such conduct impaired a liberty interest protected by the Fourteenth Amendment. 661 F.2d at 112. This court stated in *Cline* that a section 1983 action "exists for malicious prosecution[ ] conducted with the *intent* of denying a person equal protection or which otherwise subject a person to a denial of constitutional rights." *Id.* (emphasis added). Bretz has alleged such intent. We are compelled by *Cline* to find that Bretz has alleged a cause of action under section 1983.

The distinctions the majority would make between this case and *Cline* are unsupportable. The majority states that *Cline* alleged deprivation of a fair trial, whereas Bretz does not. The majority ignores the point that the *facts* alleged by *Cline* to support the claim of deprivation of a fair trial are substantially identical to those alleged by Bretz to support his due process claim and that the *Cline* court based its decision on a denial of due process.

The majority also relies on the fact that Bretz was cleared in his trial, while Cline was not cleared until his appeal, and thus, the majority asserts, the trial accomplished its intended purpose. The same could be said in *Cline*—that the appellate process accomplished its intended purpose. This, I submit, is a distinction without relevance. The fact that state remedies exist is not determinative. The Supreme Court "has not interpreted § 1983 to require a litigant to pursue state remedies prior to commencing an action under this section .... 'It is no answer that the state has a law which if

enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.'" *Board of Regents v. Tomano,* 446 U.S. 478, 491, 100 S.Ct. 1790, 1798, 64 L.Ed.2d 440 (1981), quoting *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961).

The majority places great reliance in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) and the presence of post-deprivation remedies. *Parratt* is simply inapposite.[1] The majority implies that the *Cline* court may have failed to consider *Parratt.* This assertion gives the *Cline* panel far too little credit for its scholarship. Judge Sneed, a member of the *Cline* panel, found *Parratt* to control the result in *Rutledge,* decided a few months earlier. I think that we can presume that the panel would have discussed *Parratt* had they thought it even might be applicable. I am likewise persuaded that *Parratt* was inapplicable to *Cline,* and I find it inapplicable here. This case is a paradigmatic example of a section 1983 violation. Bretz as plaintiff, alleges intentional conduct of the police officers that invaded his rights by their abuse of official power and attempted subversion of the judicial system.

This type of conduct is so outrageous that no post-deprivation hearing could set it right. The alleged conduct violates substantive as well as procedural due process. *Parratt* and the considerations which underlie it are inapplicable to violations of substantive due process. Substantive due process protects the fundamental rights Bretz asserts regardless of whether a hearing is provided since no compelling state interest justifies the intrusion. *See Roe v. Wade,* 410 U.S. 113, 155, 93 S.Ct. 705, 727, 35 L.Ed.2d 147 (1972). *See also Ingraham v. Wright,* 430 U.S. 651, 679 n. 47, 97 S.Ct. 1401, 1416 n. 47, 51 L.Ed.2d 711 (1977). We simply do not need to reach the inquiry the majority makes. The majority cites no case to support its view—indeed the failure of a federal court to provide a forum under the facts alleged here is unprecedented. The majority acknowledges that other circuits disagree with its view. It acknowledges the existence of *Cline,* which should control in our circuit, but dispatches it by seeking to distinguish the indistinguishable.

The majority refuses to follow the clear precedent of this circuit. I submit this can be done only by an en banc court.

---

1. This circuit's decisions are in conflict and disarray regarding whether *Parratt* applies to deprivation of liberty as well as property and intentional as well as negligent conduct. *Compare Haygood v. Younger,* 718 F.2d 1472 (9th Cir.1983) (*Parratt* applies to deprivation of liberty); *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345, 1352 (9th Cir.1981) (implied same), *aff'd on other grounds sub nom. Kush v. Rutledge,* —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) *with Wakinekona v. Olim,* 664 F.2d 708, 715 (9th Cir.1981) (*Parratt* inapplicable to deprivation of liberty), *rev'd on other grounds,* —— U.S. ——, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983) *and compare Weiss v. Lehman,* 676 F.2d 1320, 1323 (9th Cir.1982) (*Parratt* inapplicable where intentional conduct alleged) *with Keniston v. Roberts,* 717 F.2d 1295, 1301 (9th Cir.1983) (where intentional conduct is alleged, *Parratt* requires defendant to establish that a predeprivation hearing is not required). Regardless of how these issues are resolved, *Parratt* would not deny a federal forum to the victim of the egregious conduct alleged in this case.