**Harry KIRK, Plaintiff,**

v.

**PEOPLE OF the STATE OF CALIFORNIA, San Francisco Police Department, Defendants.**

**No. C 82–6732 SAW.**

United States District Court,
N.D. California.

Sept. 5, 1984.

Harry Kirk, in pro. per.

City Attorney's Office, Paula Hagan, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Harry Kirk brought this action against the State of California, the San Francisco Police Department, and the Chief of Police and Inspector Richard Hessleroth, both of that department, for civil rights violations pursuant to 42 U.S.C. § 1983. On June 30, 1971, plaintiff was found guilty of violating Section 272 of the California Penal Code, contributing to the delinquency of a minor. He alleges that he was not required to register nor told by the court that he had any obligation to register as a sex offender under Section 290 of the Penal Code in connection with his Section 272 conviction. Section 290 requires persons convicted of any offense under Section 272 involving lewd and lascivious conduct to register with the chief of police of the city in which he resides.

Plaintiff alleges that the police informed his employer of his failure to register as required by Section 290, and that as a result he was fired from his job. On April 6, 1982, plaintiff was arrested by Inspector Hessleroth for failure to comply with the registration requirements of Section 290 for purposes of his 1971 conviction, and detained, photographed and forced to stand trial in connection with that charge. The charge was subsequently dismissed.

Plaintiff was again arrested in June of 1982 and charged with a separate offense. He was sentenced to 12 months in prison and three years probation. Upon his release from prison, he was required to register under Section 290.

Kirk alleges that the April 6 arrest deprived him of his constitutional rights under the 4th, 5th and 8th Amendments of the Constitution, and sues for $2 million in damages. Defendants have moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

To state a cause of action under § 1983, plaintiff must allege facts showing a deprivation of rights secured by the Constitution or laws of the United States. Assuming the truth of his allegations concerning the Section 290 registration requirements in connection with his 1971 conviction, Kirk has clearly alleged that his April 6 arrest deprived him of his constitutional rights under the 4th, 5th and 8th Amendments. In addition, however, the Ninth Circuit has held that facts only alleging common law tort actions such as malicious prosecution, abuse of process, or false imprisonment are insufficient to state a deprivation of constitutional rights under § 1983. *Bretz v. Kelman,* 722 F.2d 503 (9th Cir.1983). In

*Bretz*, plaintiff alleged that the city and several of its officials were engaged in a scheme to coerce witnesses and falsify evidence against him. He contended that such actions violated his 5th Amendment due process interests because he had been arrested, booked, fingerprinted, assigned a criminal identification and charged with a criminal offense. A divided court of appeals held that any deprivation of liberty suffered by Bretz under the circumstances of his arrest were minimal because Bretz was subsequently afforded procedural due process and cleared of the charges after a fair trial.

The court distinguished a previous Ninth Circuit opinion, *Cline v. Brusett*, 661 F.2d 108 (9th Cir.1981), in which the court held that allegations that state officials had denied plaintiff a fair trial by bribing witnesses, stirring up adverse media attention and knowingly presenting false evidence and perjured testimony stated a cause of action under § 1983. The *Bretz* court found that unlike the plaintiff in *Cline*, Bretz had not alleged that post-deprivation procedures did or would not afford him due process, or that his trial was in any way deficient or fundamentally unfair. The court went on to say that any injuries suffered by Bretz as a result of the government's prosecution could be fully compensable in a civil action for malicious prosecution, abuse of process or false imprisonment. Finally, the court suggested that the *Cline* panel had failed to consider the Supreme Court's opinion in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), where the Court found that deprivations of property compensable under state tort remedies did not sound a claim under § 1983. In addition to finding that Bretz's arrest did not implicate 5th Amendment interests, the court found the other injuries he alleged—denial of bail pending appeal, damage to reputation and invasion of privacy—not to involve constitutionally protected interests.

■ Defendants contend that *Bretz* should control the outcome of this case because any deprivation of liberty suffered by Kirk in connection with his April 6 arrest and subsequent trial was not effected without due process and therefore does not give rise to a § 1983 violation. Kirk does not complain that he was not given a fair trial on his Section 290 charges or that he had no opportunity to file a complaint in state court alleging false imprisonment or malicious prosecution. Any deprivation of liberty he may have suffered is minimal because he was afforded procedural due process and subsequently cleared of the Section 290 charges.

■ Kirk has also alleged several other injuries apart from due process violations connected with the Section 290 arrest. However, none of these allegations involve constitutional interests apart from those that would be implicated in common law tort actions such that Kirk may bring a suit under § 1983. Kirk has repeatedly emphasized that because he had not been ordered to comply with Section 290, his subsequent arrest for failure to comply with that section twice placed him in jeopardy for the same offense in violation of the 5th Amendment. Kirk is understandably upset at being held to answer for his failure to register when no such requirement had been imposed upon him. However, because the two charges involve separate offenses, he was not placed in double jeopardy for 5th Amendment purposes.

■ Kirk also complains that his arrest in June of 1982 was motivated by the police department's desire to cover up the mistaken Section 290 arrest of April 6. Assuming the truth of these allegations for purposes of this motion, Kirk still fails to state a due process violation of § 1983. Kirk does not contend that he was denied a fair trial on these later charges, or that such conduct implicated constitutional interests apart from those involved in common law actions for abuse of process or malicious prosecution. Under the rule of *Bretz v. Kelman*, Kirk's failure to allege a due process violation in respect to post-deprivation procedures or that he was wrongly incarcerated preclude him from bring a § 1983 action.

■ Finally, Kirk's complaint alleges that the police department was responsible for his losing his job. Assuming the truth of these allegations for purposes of this motion, such an injury still would not infringe upon a constitutionally protected interest such that Kirk could bring a § 1983 claim.

This court is sympathetic to any injuries that Kirk may have suffered as a result of his April 6 arrest and does not wish to condone any misconduct by the San Francisco police. However, under the law of this Circuit, plaintiff has failed to state a cause of action under 42 U.S.C. § 1983.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action is granted.