Edward NUNNELLEY, Plaintiff,

v.

DOUGLAS COUNTY, Walter S. Kibbe, Stanton R. Lamb, Jerry Maple, the City of Reno and John Doe Reno Police Officers I, II, III, IV and V, Defendants.

CV–R–85–264–ECR.

United States District Court, D. Nevada.

Oct. 23, 1985.

G.C. Backus, Reno, Nev., for plaintiff.

Brent T. Kolvet, Dist. Atty., Minden, Nev., and Victor Alan Perry, Reno, Nev., for Douglas County, Walter S. Kibbe, Jerry Maple, Stanton R. Lamb.

Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for City of Reno.

## ORDER

EDWARD C. REED, Jr., District Judge.

Plaintiff Edward Nunnelley filed suit alleging that defendants Douglas County, Walter Kibbe, Stanton Lamb, Jerry Maple, the City of Reno, and John Doe Reno Police Officers, I, II, III, IV, and V, violated his civil rights. Defendants Douglas County, Walter Kibbe, Stanton Lamb and Jerry Maple move this Court to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss a complaint requires the Court to determine whether the claim as alleged, without regard to the weight of the evidence, and assuming as true all facts pleaded, states a claim for which relief can be granted. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The thrust of Nunnelley's claim, brought pursuant to 42 U.S.C. § 1983, is that defendants Kibbe and Lamb wrongfully arrested him, used excessive force in the arrest, and denied him his right to bail and counsel.

## DOUGLAS COUNTY

In support of their motion to dismiss the complaint against Douglas County, defendants argue that the mere employment of alleged tortfeasors is insufficient as a matter of law to subject Douglas County to liability under § 1983. Defendants cite as authority *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).

Under *Monell*, Douglas County would be amenable to suit under § 1983 for a deprivation of Nunnelley's constitutional rights if that deprivation resulted from official policy, practice or custom. *Id.* Accordingly, to sufficiently allege a claim against Douglas County under § 1983, Nunnelley must allege that the actions complained of were done under color of the customs and practices of Douglas County, and that the defendants', actions deprived Nunnelley of his constitutional rights. *See Morrison v. Jones*, 607 F.2d 1269, 1275–76. (9th Cir.) (per curiam) *cert. denied*, 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980). Nunnelley makes no such allegation. Thus, there is no federal claim for relief against Douglas County.

Although it is not entirely clear from the complaint, Nunnelley argues in his opposi-

tion to the motion to dismiss that Douglas County is named as a party-defendant only on the pendent state claims. He asserts that because NRS § 41.0337 requires Douglas County be named as an indispensable party for any state tort claims against its employees, this Court has jurisdiction over the county.

■ The theory of pendent jurisdiction gives this Court the constitutional "power to hear ... non-federal claims along with ... federal ones" as long as the claims "arise from a 'common nucleus of operative fact.'" *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Nunnelley's state tort claims arise from a common nucleus of operative facts. As stated above, however, Douglas County is not a party to any federal claim. If Nunnelley had been able to plead a federal claim against the county, this Court would have had jurisdiction under the theory of "pendent claim" jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because, however, Nunnelley named Douglas County merely as a "pendent party", this Court is not permitted to exercise jurisdiction. *See Ayala v. United States*, 550 F.2d 1196, 1199–1200 (9th Cir.1977), *cert. dismissed* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978). Courts in the Ninth Circuit must adhere to the rule barring the adjudication of pendent party claims. *Id.* at 1200.

Nunnelley argues that *Hirst v. Gertzen*, 676 F.2d 1252 (9th Cir.1982), dictates that Douglas County is a proper party because it is an indispensable party to Nunnelley's state law claims. Nunnelley misreads the case. That court held that the district court would have jurisdiction over the state law claim *if* there was federal jurisdiction over all indispensable parties to the state law cause of action. *See id.* at 1265. Thus, absent federal jurisdiction over the indispensable party, the federal court

would have no jurisdiction over that party on the pendent state claims.

Nunnelley failed to allege that any of the actions were done under color of the customs and practices of Douglas County. This Court, therefore, lacks an independent basis of federal jurisdiction over Douglas County. We will, accordingly, dismiss the complaint against Douglas County.

## KIBBE AND LAMB

The gravamen of defendants' argument in support of their motion to dismiss the complaint against Kibbe and Lamb is that Nunnelley's claims of excessive force and unlawful arrest are remedied by state tort law and, thus, 42 U.S.C. § 1983 relief is precluded. To support their argument that Nunnelley has no § 1983 relief, defendants rely on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer*, —— U.S. ——, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); and the withdrawn decisions of *Haygood v. Younger*, 718 F.2d 1472 (9th Cir.1983), *withdrawn*, 729 F.2d 613 (9th Cir.1984); and *Bretz v. Kelman*, 722 F.2d 503 (9th Cir.1983), *withdrawn*, 729 F.2d 613 (9th Cir.1984).[1] We find defendants' argument without merit.

As the Ninth Circuit points out, "*Parratt* and *Hudson* did not decide ... whether the availability of some remedial relief in state court might be imposed as a bar to federal relief under 1983 in the myriad fact situations that might present themselves in other cases against state and local government officials. *Parratt* and *Hudson* dealt with relatively minor infractions of prisoners' interests in their personal property, and did not deal with official assaults, batteries or other invasions of personal liberty." *Haygood v. Younger*, 769 F.2d 1350, 1357 (9th Cir.1985) (cite omitted). More recently, the Ninth Circuit squarely faced the issue before this Court and held that a § 1983 claim based upon a violation of the Fourth Amendment where police use excessive force during arrest procedures is not

---

1. Defendants filed their motion to dismiss on June 28, 1985. The Ninth Circuit voted to withdraw the *Haygood* and *Bretz* decisions and con-

solidated them for rehearing *en banc* on March 28, 1984.

barred by *Parratt. Robins v. Harum,* 773 F.2d 1004, 1008–10 (9th Cir.1985).

■ We find, therefore, that the allegations· in Nunnelley's complaint state a § 1983 claim for damages. The mere existence of state tort remedies for use of excessive force does not necessitate the dismissal of this complaint against Kibbe and Lamb.

## ABSOLUTE IMMUNITY OF KIBBE AND LAMB

■ Defendants next argue that Nunnelley was arrested on a facially valid arrest warrant and, thus, no cause of action lies under 42 U.S.C. § 1983 for unlawful arrest. Defendants also assert that Nunnelley's arrest pursuant to a warrant constituted a court order and thus, Kibbe and Lamb are entitled to absolute immunity. Accordingly, defendants argue that the claims based on the warrant (Counts One and Two of the complaint) should be dismissed.

Defendants are correct. In *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), the Supreme Court held that when an arrest is made on a facially valid arrest warrant and the § 1983 claim is based in part on an intentional failure to investigate and determine that the wrong man was imprisoned, no § 1983 claim lies. *Id.* at 143, 99 S.Ct. at 2694. The Court found that although the allegations may give rise to a relief under state tort law, no claims arise under the United States Constitution. *Id.* at 144, 99 S.Ct. at 2694.

This is precisely what Nunnelley alleges in his complaint. Complaint at 4. Nunnelley attempts to save his claim by asserting state tort claims in his opposition to the motion to dismiss. He is correct that state tort law is his only basis for relief. However, his complaint only alleges violations of his constitutional rights in Counts One and Two. Accordingly, the motion to dismiss Counts One and Two will be granted.[2] *See* Fed.R.Civ.P. 8(a).

## COUNSEL AND BAIL

■ Defendants argue that Nunnelley's allegations of denial of the right to counsel and to bail (Count Four of the complaint) fail to state a claim under § 1983. Defendants are correct. Nunnelley has no absolute right to bail, only a Fourteenth Amendment due process right to have a state's bail system administered without caprice or discrimination. *Kelly v. Springett,* 527 F.2d 1090, 1093 (9th Cir. 1975). Nunnelley's complaint[3] fails to allege that defendants administered Nevada's bail system with caprice or discrimination. Thus, no basis for relief lies under § 1983.

Nunnelley also alleges no facts to support his claim that he was denied the right to counsel. He does assert that the defendants' misconduct denied him the right to counsel, but there are no factual allegations to support this conclusion. Although he asserts that defendants violated NRS § 171.178 and NRS § 171.153, Nunnelley does not demonstrate that the violations, if such occurred, led to any violation of his constitutional rights. Nunnelley's complaint is woefully short of the requirements of Fed.R.Civ.P. 8(a). He cannot now argue and assert that which he has never alleged. The defendants' motion to dismiss Count Four of the complaint will be granted.

## MAPLE

■ Defendants argue that although Nunnelley alleged that Maple failed to supervise his two deputies, that Nunnelley failed to allege an affirmative link between the misconduct alleged and Maple's alleged failure to train and supervise. Nunnelley

---

**2.** If an arrest is made in bad faith, there may be a cause of action under § 1983. *See Bretz v. Kelman,* 773 F.2d 1026, 1030 (9th Cir.1985). Nunnelley fails to allege any facts supporting a claim of bad faith. He merely alleges that Kibbe and Lamb were not sure whether Nunnelley was guilty and that Nunnelley's arrest was an "experiment." Complaint at 5.

**3.** In his opposition to defendants' motion to dismiss, Nunnelley asserts for the first time that he was denied the equal protection of Nevada's bail laws. His complaint fails to assert any such facts and, accordingly, the Court will not consider such an assertion. *See* Fed.R.Civ.P. 8(a).

alleged that the two deputies used excessive force in arresting him. He further alleges that this misconduct was a result of Maple's failure to train and supervise them.

In accordance with the standard by which we view motions to dismiss, we find that if Nunnelley can prove the facts alleged, he may be entitled to relief. Thus, the motion to dismiss Maple will be denied.

CONCLUSION

IT IS, THEREFORE, HEREBY ORDERED that the motion to dismiss the complaint against Douglas County is GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss the complaint against Kibbe and Lamb as to Count Three is DENIED.

IT IS FURTHER ORDERED that the motion to dismiss the complaint against Kibbe and Lamb as to Counts One and Two is GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss the complaint as to Count Four is GRANTED.

IT IS FURTHER ORDERED that the motion to dismiss the complaint against Maple is DENIED.