224 A.2d 900.

INDUSTRIAL NATIONAL BANK OF PROVIDENCE, *Trustee vs.* RUSSELL G. COLT *et al.*

DECEMBER 15, 1966.

PRESENT: Roberts, C. J., Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from the judgment of a superior court justice denying and dismissing the motion of Miriam R. Hill d/b/a Farnum & Hill, hereinafter called the appellant, to intervene as a matter of right in a suit for construction and instructions brought by a fiduciary of a testamentary trust. A brief recital of the relevant circumstances which led the trustee to bring its bill as well as those upon which the appellant predicated her motion to intervene will be helpful in positing the question presented to this court by the instant appeal.

Samuel Pomeroy Colt, deceased, by his last will and testament created a trust, the corpus of which involved valuable real property commonly referred to as the "Colt Farm." The testator further provided that said Colt Farm was not to be sold by the trustee so long as the trust continued and further provided for the termination of said trust with the death of all but one of his grandchildren living at his death. This latter circumstance not having occurred, the trust remains open.

It appears from the record that the remaining grandchildren, Samuel Colt, Ethel Colt Miglietta, John D. Colt and Elizabeth C. Morey Stansfield, in 1957 engaged the services

of the instant appellant, a real estate broker, for the purpose of obtaining a purchaser of the Colt Farm so called. If through her efforts appellant obtained a buyer ready, willing and able to pay $400,000 for the property, appellant, it was agreed, would be entitled to a percentage commission amounting to $25,000. It further appears that on August 2, 1957 a contract was signed between one Daniel A. Marwell as buyer and the aforementioned grandchildren as sellers, whereby Marwell agreed to purchase the Colt Farm for the asking price. However, the granddaughter Elizabeth C. Morey Stansfield subsequently objected and the sale was never consummated. The appellant, contending that she had earned the agreed commission by obtaining a ready, willing and able buyer, commenced a civil action against the granddaughter Stansfield. This action is apparently still pending but involves only the granddaughter Stansfield, and appellant concedes that her right to recover the commission from the other grandchildren is barred by the statute of limitations.

On August 3, 1965 title to the Colt Farm was acquired by the state of Rhode Island through condemnation proceedings. This being a circumstance not contemplated by the testator, the Industrial National Bank, trustee of the trust involving the Colt Farm, pursuant to the provisions of G. L. 1956, §9-24-28, brought a bill for construction of said trust and instructions thereunder.

The appellant thereupon moved to intervene, premising her motion on the provisions of rule 24(a)(3) of the Rhode Island Rules of Civil Procedure. The rule in question is as follows:

"Upon timely application anyone shall be permitted to intervene in an action: * * * (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof."

The superior court justice held that appellant's pending claim to a commission did not make her a party so situated as to be adversely affected by the outcome of the trustee's bill for construction and further expressed serious doubt as to whether the condemnation proceeds constituted funds subject to an order of distribution by the court or an officer thereof within the meaning of rule 24(a). From the judgment entered pursuant to that decision appellant appealed to this court.

Although not commented upon by any of the parties, we deem it advisable to note in passing that the judgment here under review has that element of finality essential to the validity of an appeal claimed under §9-24-1, as amended. The amended rules of practice of the superior court, as well as those of this court, are designed and intended to liberalize and facilitate the practice in this jurisdiction. As so amended, however, there has been no relaxing of the principle that litigants may not try their cases piecemeal. See *McAuslan* v. *McAuslan*, 34 R. I. 462, and *Troy* v. *Providence Journal Co.*, 43 R. I. 22.

Turning then to the merits of the appeal before us, it is to be observed that this court has not heretofore had occasion to pass upon either the contents or intendment of rule 24(a) of the Rhode Island Rules of Civil Procedure. This rule, however, like others recently adopted is patterned after the federal rules, and decisions made thereunder are enlightening and persuasive though not controlling.

All the parties before us have referred our attention to Moore's Manual, Federal Practice and Procedure, and quote extensively from the applicable text and cited decisions whenever apposite to a construction of our own rule 24(a).

The complainant and respondents in the suit for construction join in contending that for the appellant here to prevail, she must establish both that she is a party so

situated as to be adversely affected and that the condemnation proceeds constitute property which is in the custody or subject to the control or disposition of the court or its officer. They argue that she can establish neither of these tests.

We are in accord with their basic position, but because we take the view that appellant does not qualify as one so situated as to be "adversely affected" we do not reach, hence do not consider, questions relating to the status of the condemnation proceeds.

In support of the contention that she will be "adversely affected" if not permitted to intervene in the suit for construction, appellant quotes from 4 Moore, Federal Practice, ¶24.09 [2], where at page 45 the writer referring to the required nature of a movant's interest states:

> "Obviously it must be an interest known and protected by the law: a claim of ownership, or a lesser interest, sufficient and of the type to be denominated a lien, equitable or legal. It is 'not always easy to draw the line' as to when an interest is sufficient to give a lien for this purpose; but the *tendency of the cases is apparently towards a liberal definition of ownership and lien.*" (italics ours)

The appellant concedes that she has no ownership in the condemnation proceeds but argues that because her fee or commission was contingent upon her procuring a ready, willing and able buyer and, according to her, having been successful in obtaining such a purchaser, her right to the contingent commission constitutes an equitable lien, citing *Barnes* v. *Alexander,* 232 U. S. 117, and *Correll* v. *Holt,* 191 Okl. 622.

These cases are of no assistance to her, however, being readily distinguishable on their facts. Both of the cited cases were concerned with attorneys' fees which were contingent upon the attorneys' successes in recovering certain funds and not otherwise. The attorneys being successful and their fees being a portion of that which was recovered,

it was held that their contingent interests constituted equitable liens proportionate to the amounts recovered through their services.

Contrasting the claim of the instant appellant to a real estate broker's fee, allegedly earned, with the claims of the attorneys in the cited cases, we note first that we are unaware of any statutory or decisional authority in this jurisdiction which supports the proposition that a real estate broker has a lien on the proceeds of the sale consummated through her efforts. But even if it were otherwise no sale was consummated in the case before us. Thus there is no res, as it were, to which she can point as having come into existence by reason of her efforts. Nor, in making such contrast, do we intend to intimate anything other than that which is applicable to the facts of this case. Moreover, while appellant alleges her right to the commission claimed. it has never been adjudicated, and even she does not contend that if permitted to intervene in these proceedings the validity of that claim could be established. Rather, she contends only that she should be permitted to intervene to the end that she might then be heard to argue in favor of a distribution of the condemnation proceeds. Having no interest in such proceeds known to the law, she can hardly be said to be one so situated as to be "adversely affected" whatever the result in the suit for construction. We hold, therefore, that the superior court justice did not err in denying and dismissing her motion to intervene under rule 24(a)(3).

The appeal of Miriam R. Hill d/b/a Farnum & Hill is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Crowe, Hetherington & Chester, Milton Isserlis,* for appellant (intervenor).

494

*Edwards & Angell, Edward F. Hindle, John H. Blish,* for appellee (complainant).

*Coffey, Ward, McGovern and Novogroski, Matthew E. Ward, Domenic F. Cresto* (Of counsel: *Forsythe, McGovern, Pearson & Nash, Carl S. Forsythe, Kenneth Pearson*— New York, N. Y.)

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle; Moakler, Sherlock & Geremia, John W. Moakler; Francis J. Maguire; Winograd, Winograd & Marcus, Allan M. Shine,* for certain other appellees.