E. John **KUSSMAUL**

v.

**PETERS CONSTRUCTION COMPANY, INC.**

Civ. A. No. 82–0659 S.

United States District Court, D. Rhode Island.

April 7, 1983.

---

Lovett, Morgera, Schefrin & Gallogly by Aram R. Schefrin, Providence, R.I., for plaintiff.

Hinckley & Allen by William R. Grimm, Providence, R.I., for defendant.

## MEMORANDUM DECISION AND ORDER

SELYA, District Judge.

This is a personal injury action brought by a Massachusetts resident against a Rhode Island corporation; jurisdiction is apparently based on diversity of citizenship pursuant to 28 U.S.C. § 1332.[1] The case is before the Court on defendant's motion for summary judgment. In its mo-

tion, the defendant contends that the action is time-barred by R.I.G.L. § 9–1–14 [2] because it was commenced more than three years after accrual of the cause of action. The plaintiff's objection is based on his assertion that the action was timely instituted.

The facts necessary for resolution of the motion are not in dispute. The defendant was engaged as the general contractor for renovating St. Ann's Mausoleum in Cranston, R.I. Certain roofing work was subcontracted to Roofing Systems, Inc. (plaintiff's employer). On October 11, 1979, the plaintiff, while working, plunged through an aperture in the roof, sustaining injuries allegedly attributable to the defendant's want of due care. The instant action was filed in this Court on October 13, 1982.[3]

A party will not be entitled to summary judgment under Fed.R.Civ.P. 56 unless the movant demonstrates that there is no genuine issue as to any material fact and that entitlement to judgment follows as a matter of law. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *United Nuclear Corp. v. Cannon*, 553 F.Supp. 1220, 1226 (D.R.I.1982). Assertion of the preclusory bar of a statute of limitations by way of a motion for summary judgment is appropriate with no relevant facts in dispute. *Admiralty Fund v. Jones*, 677 F.2d 1289,

---

1. 28 U.S.C. § 1332 and its precursors has, for almost two centuries, *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), required that there be complete diversity of citizenship between all plaintiffs, on the one hand, and all defendants, on the other hand. *See generally* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3605 (1975). In the instant case, the plaintiff alleges that he is a *resident* of Massachusetts. The allegation of mere residency is insufficient to meet the requirement of diversity of citizenship. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995, 92 S.Ct. 534, 30 L.Ed.2d 547 (1971); *Guerrino v. Ohio Cas. Ins. Co.*, 423 F.2d 419, 421 (3rd Cir.1970); *Pattiz v. Schwartz*, 386 F.2d 300, 301 (8th Cir.1968); *Brooks v. Yawkey*, 200 F.2d 663, 664 (1st Cir.1953). Likewise, this plaintiff's naked averment that the corporate defendant is chartered under Rhode Island law falls short of the diversity requirement because the corporation's principal place of business is

not alleged. *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 654 (2d Cir.1979); *de Walker v. Pueblo Intern., Inc.*, 569 F.2d 1169, 1170 (1st Cir.1978). Thus, the complaint is barren of facts which serve to establish diversity jurisdiction. Since this deficiency might well be susceptible to cure by amendment, however, whereas the time-bar arguments are, if well taken, more enduring, the Court is of the opinion that it should pass upon the defendant's motion for summary redress despite the apparent jurisdictional defect.

2. R.I.G.L. § 9–1–14 provides in pertinent part: "actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

3. Fed.R.Civ.P. 3 provides in substance that a civil action is commenced by the filing of a complaint with the court.

1293 (9th Cir.1982); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 692 (8th Cir.1981); *Sanchez v. Loffland Brothers Co.,* 626 F.2d 1228, 1231 (5th Cir. 1980), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981); *King v. Mordowanec,* 46 F.R.D. 474, 480, (D.R.I.1969). The Court is persuaded that this case is ripe for *brevis* disposition.

The plaintiff does not dispute the applicability of R.I.G.L. § 9–1–14 to his claim; nor does he take issue with the fact that the action accrued on October 11, 1979 for purposes of § 9–1–14. The plaintiff's opposition to the pending motion is founded upon his interpretation of Rule 6(a), Fed.R.Civ.P. ("Fed. 6"), which provides as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

Plaintiff concedes that, as measured by Fed. 6, the statute of limitations "would normally have run ... on [Monday,] October 11, 1982". Plaintiff's Memorandum at

1. Plaintiff notes, however, that the district court was not open for business on that date; it was the second Monday in October, and was, therefore, the "legal public holiday" observance of what is commonly referred to as the discovery of America [4] by Christopher Columbus. 5 U.S.C. 6103(a). To this juncture, the parties are wholly in accord.

The plaintiff, however, next essays a thaumaturgical exercise in necromancy designed to dazzle the eye of the beholder: he points out that, astrictive congressional edicts as to the *observance* of public holidays notwithstanding, the actual anniversary of the sighting of land by the intrepid fifteenth-century explorer occurred on October 12th; that "Columbus Day" is specifically denominated as an excluded "legal holiday" in the text of Fed. 6, and is perforce ineligible for computational purposes under the rule as it would be "the last day of the period as computed"; and that— presto!—the suit was timely since it was filed prior to "the end of the next day which is not a Saturday, a Sunday, or a legal holiday", i.e., during ordinary business hours on Wednesday, October 13, 1982. Spellbinding as these intellectual fulgurations may be, they suffer from the fundamental curse of legerdemain throughout the ages: all is, at bottom, sheer illusion.

While the defendant has, in a sense, fallen prey to this ensorcellment, as evidenced by its reflexive concurrence in the controlling effect of the Fed. 6 provisions, the Court must question the joint assumption of the parties in this regard.

In *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the Supreme Court was presented with the question of whether, on the one hand, a state statute of limitations requiring service of process to toll the limitations period, or on the other hand, the federal rule requiring filing, was apposite. The

---

**4.** In recognition of the sensibilities of historical purists, what Columbus actually discovered on October 12, 1492 was a land mass which he claimed in the name of the Spanish sovereign and called "San Salvador". Modern historians are in general agreement that this was really an atoll in the Bahamas, now known as Watling Island. *See* 5 Funk, *The Universal Standard Encyclopedia* (Morse Ed.1956) at 1876–77.

Court noted that the state statute represented an important expression of sovereign policy which protected a defendant from the burden of defending stale claims. *Id.* at 751, 100 S.Ct. at 1985. The Court then held that the state provisions applied because they comprised a salient ingredient of the state's philosophy anent the prosecution of untimely claims. *Id.* at 752, 100 S.Ct. at 1986. The underlying rationale of *Walker* has been extended to methods for the computation of various time periods. In *Alonzo v. ACF Property Management, Inc.,* 643 F.2d 578 (9th Cir.1981), the Ninth Circuit held that computation of time provisions constitute a central aspect of a state's juridical scheme and (at least in diversity actions) supersede the application of Fed. 6. *Id.* at 581; *accord Rothe v. Ford Motor Co.,* 531 F.Supp. 189, 192–93 (N.D.Tex.1981); *cf. Yarber v. Allstate Insurance Co.,* 674 F.2d 232, 235 (4th Cir.1982); *Covel v. Safetech, Inc.,* 90 F.R.D. 427, 429 (D.Mass.1981). The Court finds the reasoning of *Alonzo* compelling; thus, it is Rhode Island law which must govern judicial computation of the three year statute of repose under R.I.G.L. § 9–1–14.

Super.Ct.R.Civ.P. 6(a) ("State 6") provides:

> Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday.

The legal holiday provision in State Six is defined in R.I.G.L. § 25–1–1, which ordains in material part:

> The first day of January (as New Year's day), the third Monday of February (as Washington's birthday), the fourth day of May (as Rhode Island Independence day), the last Monday of May (as Memorial day), the fourth day of July (as Independence day), the second Mon-

day of August (as Victory day), the first Monday of September (as Labor day), *the second Monday of October (as Columbus day),* the fourth Monday of October (as Armistice day), the twenty-fifth day of December (as Christmas day), and each of said days in every year, or when either of the said days falls on the first day of the week, then the day following it, ... the first day of every week (commonly called Sunday), ... shall be holidays.

■ The Rhode Island Supreme Court has not had occasion to render any explication of the interplay between State 6 and R.I.G.L. § 25–1–1. Historically, however, the Rhode Island courts have, in rendering such analyses, looked to federal court interpretations of rules of civil procedure in cases where, as here, the state procedures are modeled upon, or are analogous or similar to, the federal rules. *Industrial National Bank v. Colt,* 101 R.I. 488, 224 A.2d 900, 902 (R.I.1966); *see Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 227 A.2d 582, 584 (R.I.1967). Thus, in order to make an informed prophecy as to how the state courts would determine this issue, *see Scuncio Motors, Inc. v. Subaru of New England, Inc.,* 555 F.Supp. 1121 at 1124 (D.R.I.1982), the Court will scrutinize the interaction of Fed. 6 and 5 U.S.C. § 6103(a) (which in substance provides, *inter alia,* that Columbus Day is to be celebrated on the second Monday in October).

■ When a time period computed under Fed. 6 falls on a Sunday or legal holiday, the time limitation is tolled until the next business day. *See, e.g., Morrow v. South,* 540 F.Supp. 1104, 1111 (S.D.Ohio 1982); *Smith v. Kenny,* 84 F.R.D. 113, 114 (D.V.I. 1979); *Bratel v. Kutsher's Country Club,* 61 F.R.D. 501, 502 (S.D.N.Y.1973). This view of Fed. 6 can only be applied, however, in light of the appropriate state or federal statute demarcating legal holidays. *See Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 676 (6th Cir.1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977); 2 J. Moore & J. Lucas, *Moore's Federal Practice.* ¶ 6.05, at 1500.17–18 (1982); 4 C. Wright & A. Miller, *Federal Practice and Procedure,*

§ 1162, at 611 (1969). As hereinbefore noted, both the federal and state statutes define Columbus Day as falling on the second Monday in October. Thus, if any limitations period ended on the second Monday in October, the limitations period would be tolled until the day next following (assuming that such succeeding day was not a Saturday, Sunday or legal holiday).

Applying these principles to the case at bar, the Court finds that the three year limitations period in this case ran from October 12, 1979 (the day following the accident) to October 12, 1982. October 12, 1982 did not fall on a weekend. It was not a holiday—legal or otherwise—under Rhode Island law. In this respect, having in mind that the courts were in session and business was being conducted in the ordinary course on October 12th, the mere fact that it was the exact chronological anniversary of the landfall of the Columbus-led expedition some 490 years ago is of no consequence. Thus, the limitations period applicable to the plaintiff's action expired on that day; and the commencement of the suit on October 13, 1982 was, given the seasonable interposition of an appropriate affirmative defense raising the time bar, legally ineffectual.[5]

Accordingly, the defendant's motion for summary judgment must be, and the same hereby is, granted. The clerk is directed forthwith to enter judgment for the defendant for costs.

SO ORDERED.

---

5. While supererogatory in light of the foregoing, it should be noted that, even if Fed. 6 itself was directly controlling here, plaintiff's ship would nonetheless have sailed on October 12, 1982. This would be true based upon essentially the same state law analysis as is set forth *ante,* and also upon the theory that Fed. 6 is pragmatic in its operation, focusing not on historical accidents or on vacuous labels, but on whether or not the clerk's office was open for official business. *Ellis v. Naval Air Rework Facility,* 404 F.Supp. 377, 390 (N.D.Cal.1975); see *Prudential Oil & Minerals Co. v. Hamlin,* 261 F.2d 626, 627 (10th Cir.1958); *cf. Frey v. Woodard,* 481 F.Supp. 1152, 1154 n. 4 (E.D.Pa. 1979).