**Deborah Cruz SOLER,**
**et als.   Plaintiffs**

v.

**PUERTO RICO TELEPHONE**
**COMPANY, et als.**
**Defendant**

**No.  CIV.01–2548 (GG).**

United States District Court,
D. Puerto Rico.

Sept. 30, 2002.

Rafael Colon Flores, Ponce, for Plaintiffs.

Luis F. Del Valle Emmanuelli, Garcia & Fernandez, San Juan, for Defendants.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

Pending before us are defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(1) & (6) and motions for sanctions under Fed.R.Civ.P. 11 (docket entries # 4, 5, 14, 16, 17 & 21). Also pending is the plaintiffs' "Motion Requesting Dismissal Without Prejudice". (Docket entry # 15).

## BACKGROUND

This is a civil action filed on November 13, 2001 by Deborah Cruz Soler and her husband. Mrs. Cruz was an employee[1] of the Puerto Rico Telephone Company (PRTC) who claims that on June 10, 2000, the PRTC, through management and co-workers named as additional co-defendants, started violating her civil rights to human dignity and to not "be discrimi-

nated [because] of her race, color, sex, birth, origin, social status, political or religious ideas or any other way not applied to the general public." See, ¶ 27 of the Complaint, docket entry # 1. Subject matter jurisdiction is predicated under 28 U.S.C. §§ 1332 & 2675, that is, pursuant to the diversity of citizenship, statute and the Federal Tort Claims Act. See, ¶ 1 of the Complaint, *supra*.

On December 17, 2001, co-defendant PRTC informed us that on December 12 it had served upon the plaintiffs a Rule 11(C)(1)(A) notice requesting them to move for a voluntary dismissal of the action by January 4, 2002. The plaintiffs did not request the voluntary dismissal of the complaint nor in any way objected the request. On January 7, 2001, the PRTC filed a motion to dismiss the action with prejudice based on lack of subject matter jurisdiction and failure to state a cognizable cause of action. In addition, it requested the payment of attorneys' fees and costs.

In view of the clear pleading deficiencies of the complaint, we immediately ordered the plaintiffs to show cause, by January 17, 2002, why the action should not be dismissed with prejudice and severe monetary sanctions should not be imposed upon both the plaintiffs and their counsel. (Docket entry # 6). On January 17, 2002, the plaintiffs requested until February 6, 2002, to obtain the necessary documents to show cause. We granted their request. Meanwhile, the plaintiffs continued serving process upon other co-defendants who then joined PRTC's motion to dismiss and for sanctions. (Docket entries # 8, 11, 12, 18). On February 6, 2002, instead of showing cause as ordered, the plaintiffs simply stated in a conclusory fashion that their claim was not frivolous and that the evidence to be presented would show "spe-

---

1. It is not clear from the pleadings whether *vel non* she still is a PRTC's employee.

cific violations to federal and state antidiscrimination laws". Nonetheless, they requested the dismissal of the action without prejudice in order to exhaust the administrative remedies "provided by the Equal Employment Opportunities Commission." See, Motion Requesting Dismissal Without Prejudice, (docket entry # 15).

Obviously, the PRTC objected and reiterated its request that the dismissal be with prejudice. Thirty-one (31) days later, the plaintiffs reiterated their request for a dismissal without prejudice. In view of the untimeliness and total disregard to the applicable local rules, the PRTC requested that the plaintiffs' reply · be stricken. (Docket entry # 21). Thirty-six (36) days after, the plaintiffs filed their opposition to the motion to strike, which curiously provides no explanation for their total failure to comply with Local Rule 311. (Docket entry # 22).

## SUBJECT MATTER JURISDICTION

Because federal courts are courts of limited jurisdiction, they can act only where the Constitution and Congress endow them with some affirmative ground to do so. See, *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *U.S.I. Properties Corp. v. M.D. Const. Co.*, 230 F.3d 489, 499 (1st Cir.2000). Hence, federal jurisdiction is never presumed. See, *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir.1998). Instead, the plaintiffs must carry the burden of demonstrating the existence of federal jurisdiction. See, *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir.1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995). By the same token, the parties cannot confer on federal courts, even by consent, subject-matter jurisdiction when there is none. See, *Peretz v. U.S.*, 501 U.S. 923, 950, 111 S.Ct. 2661, 2676, 115 L.Ed.2d 808 (1991).

## DIVERSITY JURISDICTION

■ Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). It is hornbook law that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the adverse parties in the action. That is, the citizenship of each plaintiff must be diverse from that of each defendant. See, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274; *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. at 829, 109 S.Ct. 2218 ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal."); *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir.1995); *Media Duplication Services Ltd. v. HDG Software Inc.*, 928 F.2d 1228, 1235 (1st Cir.1991). The existence of diversity jurisdiction must be evident on the face of the complaint in order for a federal court to assume jurisdiction. See, *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187 (9th Cir.1970).

■ In the complaint the plaintiffs explicitly asserted subject matter jurisdiction upon the diversity of citizenship statute. However, the complaint is devoid of any allegation as to the citizenship of the defendants. Not only is this a violation of Rule 8 of the Fed.R.Civ.Proc., but the plaintiffs' naked allegations of diversity of citizenship are insufficient to confer diversity jurisdiction upon this court. See, *Alvarez Meléndez v. Citibank*, 705 F.Supp. 67 (D.P.R.1988); *Kussmaul v. Peters Const. Co.*, 563 F.Supp. 91 (D.R.I.1983). Worst of all, though the plaintiffs were afforded an opportunity to directly address

the issue, no explanation has been given to counter the arguments presented by the defendants regarding lack of diversity.[2] Thus, in view of the plaintiffs' failure to plead diversity jurisdiction properly, we are without diversity of citizenship jurisdiction.

## FEDERAL QUESTION JURISDICTION

Surprisingly, the plaintiffs have also invoked 28 U.S.C. § 2675 as another basis for subject matter jurisdiction. This provision regulates the exhaustion of administrative remedies required by the Federal Tort Claims Act (FTCA). The FTCA vests federal district courts with jurisdiction over claims against the United States of America for damages caused by the negligent or wrongful act or omission of any employee of the Federal Government while acting within the scope of his/her office or employment. See, 28 U.S.C. § 1346(b); *Magee v. U.S.*, 121 F.3d 1, 3 (1st Cir.1997). Obviously, this is totally inapplicable in this case where none of the named defendants is the United States, one of its employees or agencies.

The plaintiffs have also intimated in their complaint that this case arises under 42 U.S.C. § 1983. They assert in the complaint that the PRTC, "an [i]nstrumentality of the Government of the Commonwealth of Puerto Rico" violated Mrs. Cruz Soler's civil rights. See, ¶¶ 1, 5 & 27. The basic premise of this allegation-state action-is totally misplaced. It is well known in this jurisdiction that the PRTC is no longer an instrumentality of the Commonwealth of Puerto Rico and that it has been a private corporation since way before the alleged acts of this case occurred. There-

fore, the state action element, which is crucial for a civil rights action under Section 1983, is absent in this case.

■ The plaintiffs assert that the other cause of action raised in the complaint is for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. It has been discussed to satiety in the jurisprudence that a claimant who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits. See, 42 U.S.C. § 2000e–5(f); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir.1999); *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir.1996). The plaintiffs admitted they have done neither. This omission bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirements are a prerequisite to the commencement of suit. These statutes mandate "compliance with the administrative procedures specified in Title VII." *Bonilla v. Muebles J.J. Alvarez, Inc.*, supra at 277. "[S]uch compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation [under the ADA, ADEA and Title VII]." *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 160 F.Supp.2d 188, 194–95 (D.P.R. 2001).

Even if we were to allow the plaintiffs to obtain a voluntary dismissal without prejudice so they may exhaust the administrative remedies before the EEOC,

**2.** It is uncontroverted that the plaintiffs are citizens of Puerto Rico. See, ¶¶ 3 & 4 of the Complaint, docket entry # 1. Most of the named defendants are current employees of the PRTC. See, ¶¶ 8–10 of the Complaint, *supra*. Based on this and the fact that they

were served with process in Puerto Rico, we surmise that their residence and domicile is Puerto Rico, hence, that they are citizens of Puerto Rico. In light of this, there is no complete diversity in this case.

the problem remains that they have failed to establish their right to so proceed. It is not clear from their allegations whether their request to exhaust administrative remedies is in regards to an alleged Title VII or a Section 1983 claim. Though they make reference to the EEOC as the administrative agency before which they would exhaust the administrative remedies, the cases cited by them in support of their contention deal with the Commonwealth's responsibility over physically challenged children in the public educational system and the exhaustion of administrative proceedings within the concerned governmental agencies. See, *Maldonado v. Benítez*, 874 F.Supp. 491 (D.P.R.1995); *Ezratty v. Commonwealth of Puerto Rico*, 648 F.2d 770 (1st Cir.1981). As we previously determined, there is no room in this case for a Section 1983 action. Assuming that their request for exhaustion is in relation to a Title VII cause of action, for the reasons herein below stated, the plaintiffs have not shown they have a valid cause of action qualifying them to exhaust administrative remedies before the EEOC.

**FAILURE TO STATE A CLAIM**

In considering the defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6), we must accept all material factual allegations as true and make all reasonable inferences in favor of the plaintiffs. See, *Tompkins v. United Healthcare of New England, Inc.*, 203 F.3d 90, 93 (1st Cir.2000); *Breton v. Travelers Ins. Co.*, 147 F.3d 58 (1st Cir.1998); *Coyne v. City of Somerville*, 972 F.2d 440, 442–43 (1st Cir.1992); *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)(citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976)). If under any theory, the plaintiffs' allegations are sufficient to state a cause of action in accordance with the law, we must deny the motion to dismiss. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1952); *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16 (1st Cir.1998); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994).

However, to withstand the challenge, the complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory". *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). It is not enough to allege a general scenario which could be dominated by unpleaded facts nor are we required to credit bald assertions or legal conclusions. *Wagner v. Devine*, 122 F.3d 53 (1st Cir.1997) *cert.* denied 522 U.S. 1090, 118 S.Ct. 880, 139 L.Ed.2d 869 (1998), 522 U.S. 1090, 118 S.Ct. 880, 139 L.Ed.2d 869, 66 U.S.L.W. 3490; *Beddall v. State Street Bank and Trust Co.*, 137 F.3d at 17; *Glassman v. Computervision, Corp.*, 90 F.3d 617, 628 (1st Cir.1996). Failure to make sufficient allegations supporting a claim warrants the dismissal of the complaint. *Conley*, at 45–48, 78 S.Ct. 99.

■ Title VII proscribes discrimination exclusively on grounds of race, color, religion, sex, or national origin. It states that it is an unlawful employment practice for any employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate with respect to his/her compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin." See, 42 U.S.C.A. § 2000e–2(a)(1); *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Contrary to the plaintiffs assertion in the complaint, Title VII does not include discrimination for political ideas[3] nor pro-

---

3. Discrimination for political ideas is actionable under 42 U.S.C. § 1983 based on a viola-tion of the First Amendment of the U.S. Constitution.

tects employees from being discriminated in "any other way not applied to the general public". See, ¶ 27 of the Complaint. "Discrimination based on unprotected characteristics or garden-variety *unfairness* will not serve." See, *Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 53 (1st Cir.1990).

Ergo, to properly state a claim of discrimination under Title VII, a plaintiff must state to which of the above mentioned protected group(s) she belongs and the discriminatory remarks or acts that establish that her membership in that protected class was a factor in the employer's decision to discriminate against her. See, *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *de la Cruz v. El Conquistador Resort and Country Club*, 218 F.3d 1, 5 (1st Cir.2000). Though afforded several opportunities, as of today, the plaintiffs have still not even identified to which protected group Mrs. Cruz Soler belongs. The mere recitation of all the protected groups and/or grounds upon which a discrimination action maybe brought in a court of law without specifying which are the ones at stake in this case, and the conclusory assertion that federal and state antidiscrimination laws have been violated, does not pass muster. Without any other allegation indicating a discriminatory animus or motive by the defendants or of some causal nexus between being a member of a protected class and the alleged hostile work environment to which Mrs. Cruz Soler was avowedly exposed by the employer, the scant allegations are clearly insufficient to state a cause of action under Title VII.[4] See, *de la Cruz v. El Conquistador Resort and Country Club*, 218 F.3d at 8.

In view of all of the above, we find that the defendants' request to dismiss this action with prejudice must be granted.

## REPRESENTATIONS TO THE COURT

Rule 11(b) of the Federal Rules of Civil Procedure establishes a litigant's duty to conduct a reasonable inquiry into the facts and the law before signing pleadings, filing and submitting motions and other documents and advocating before a court of law. See, *Business Guides, Inc. v. Chromatic Communications Enterps., Inc.*, 498 U.S. 533, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140 (1991); *Bobe–Muñiz v. Caribbean Restaurants, Inc.*, 76 F.Supp.2d 171, 175 (D.P.R.1999). Pleadings, motions and other papers should not be filed with the court for improper purposes such as to harass, cause *unnecessary* delay or needless increase in the cost of litigation. See, *Lichtenstein v. Consolidated Services Group, Inc.*, 173 F.3d 17, 22 (1st Cir.1999). Accordingly, the claims and other legal contentions presented to the court must be warranted by existing law. See, *Nyer v. Winterthur Intern.*, 290 F.3d 456, 461 (1st Cir.2002). Likewise, the allegations and other factual contentions must have evidentiary support. See, *Top Entertainment, Inc. v. Ortega*, 285 F.3d 115, 118 (1st Cir.2002).

An attorney's duty under Rule 11 transcends the initial stages of the litigation. It continues throughout the entire judicial process. See, Rule 11 Advisory Committee's Note (An attorney's obligations with respect to the contents of his or her pleadings "are not measured solely as of the time they are filed or submitted to the court, but include reaffirming to the court

---

4. The same conclusion stands regarding a discrimination claim under the laws of the Commonwealth of Puerto Rico.

and advocating positions contained in those pleadings and motions after learning that they cease to have merit."); *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 758 (1st Cir.1988)("Rule 11 imposes a duty on counsel to investigate their clients' claims before making any filings and to reassess them throughout the litigation."). Thus, if an attorney insists "upon a position after it is no longer tenable", he/she may be exposed to sanctions. *Id.*

If after notice and a reasonable opportunity to respond, the court determines that the duty imposed under Rule 11(b) has been violated, it may impose appropriate sanctions upon the attorneys, law firm or parties that have violated the rule. See, Rule 11(c), *supra.* "Whether or not this duty has been breached depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances." *Navarro–Ayala v. Núñez*, 968 F.2d 1421, 1425 (1st Cir.1992). After a careful review of the pleadings of this case and for the reasons herein stated, we find that counsel Rafael Colón Flores, plaintiffs' legal counsel of record, has breached his duty under Rule 11(b), *supra.*

As we have pointed out throughout this opinion, it is unquestionable that counsel Colón Flores has miserably failed to make an objectively reasonable inquiry into the existing law and the facts of the case. Had he done so he: (1) would not have asserted diversity jurisdiction nor federal question jurisdiction pursuant to the Federal Tort Claims Act; (2) would not have insisted in a civil rights action under Section 1983 against the PRTC; and (3) he would not have filed a Title VII action before exhausting the administrative remedies. In short, he would not have filed the complaint. Instead of taking up the opportunity afforded by the PRTC on December 12, 2001, to voluntarily dismiss the action, he remained silent and forced the defendant to incur in further costs to defend itself.

It is unconscionable that it took counsel Colón Flores fifty six (56) days after being put on notice by the opposing counsel-, two well grounded motions to dismiss and the court's warning of dismissal, to discover, realize and/or admit that he could not pursue the discrimination action because no administrative claim had been previously filed before the EEOC. Worst of all, even after being put on notice on several occasions of the obvious shortcomings of his pleadings, he continued advocating his right to pursue a discrimination claim for which he has given no factual support. In addition, he continued serving process upon other co-defendants causing them to needlessly incur in the cost of obtaining legal representation to defend against allegations that did not configure any valid cause of action nor conferred jurisdiction to the court. Counsel Colón Flores obstinate behavior has also been accompanied by a total disregard to the clear time limits imposed by Local Rule 311 for the filing of oppositions and replies. In conclusion, his conduct in this case has caused not only the parties but the court as well, to unnecessarily invest time, effort and resources.

We are astounded with the extremely deficient performance displayed in this case by counsel Colón Flores, which has caused unnecessary delay and has needlessly increased the cost of litigation. The same sadly denotes a clear lack of knowledge of the most elemental standards of federal pleading practice, of the most basic tenets of federal jurisdiction and of the well established substantive law and jurisprudence.

**WHEREFORE**, for the reasons above stated, the defendants' motion to dismiss this action with prejudice and the motion for imposition of sanctions are **GRANTED.** Accordingly, counsel Colón Flores is

ORDERED to pay to the defendants the reasonable attorney's fees incurred in the litigation of this action plus costs and expenses. Co-defendants PRTC, Jon Slater and Caridad Rivera Adorno are **ORDERED** to file by October 7, 2002, the reasonable attorney's fees, costs and expenses incurred in litigating this case.

**SO ORDERED.**

## JUDGMENT

Pursuant to the Opinion and Order of even date, granting the defendants' motions to dismiss and for sanctions, this action is **DISMISSED WITH PREJUDICE.** Judgment is hereby entered accordingly.

**SO ADJUDGED.**