934 F.Supp. 335 (1996)
Sandra CRAWFORD, et al., Plaintiffs,
v.
The AMERICAN INSTITUTE OF PROFESSIONAL CAREERS, INC., et al., Defendants.
Vickie LEE, Plaintiff
v.
RESOLUTION TRUST CORPORATION, in Its Capacity as Receiver for Security Savings and Loan Association, et al., Defendants.
Sandra CRAWFORD, Plaintiff,
v.
RESOLUTION TRUST CORPORATION, in Its Capacity as Receiver for Merabank, et al., Defendants.
Colleen ROSE, Plaintiff,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Statutory Successor to the Resolution Trust Corporation the Court Appointed Receiver for Merabank, Defendant.
Nos. CIV 94-2402 PHX CAM, CIV 95-0366 PHX CAM, CIV 95-0376 PHX CAM and CIV 96-0646 PHX CAM.
United States District Court, D. Arizona.
May 17, 1996.
*336 Jerry C. Bonnett, H. Sullivan Bunch, Elaine Ann Ryan, Bonnett Fairbourn Friedman, Heinton Miner & Fry P.C., Phoenix, AZ, Thomas Michael Ryan, Thomas M. Ryan & Associates, Chandler, AZ, for plaintiffs Sandra Crawford, Jennifer Heath, Jessica Casto, Brenda Martinez, Betsy Foy, Nancy Love, Yvonne Rubalcaba, Amy Beard, Melissa Prator.
Barry R. Sanders, Ryley Carlock & Apple-white P.A., Phoenix, AZ, W. Scott Bales, Meyer Hendricks Victor Osborn & Maledon P.A., Phoenix, AZ, Stephen E. Richman, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, AZ, Barry Fish, Steven J. Labensky, Carl F. Mariano, Todd Arthur Rigby, Lewis & Roca, Phoenix, *337 AZ, for defendant American Institute of Professional Careers, Inc.
Barry Fish, Steven J. Labensky, Carl F. Mariano, Todd Arthur Rigby, Lewis & Roca, Phoenix, AZ, for defendants Ann F. Kennedy, William I. Kennedy, III, Katherine K. Lessard, Douglas A. Lessard.
W. Scott Bales, Meyer Hendricks Victor Osborn & Maledon P.A., Phoenix, AZ, David B. Rosenbaum, Osborn Maledon P.A., Phoenix, AZ, for defendants Union Bank and Trust Co., First Interstate Bank of Arizona, N.A.
Barry R. Sanders, Ryley Carlock & Apple-white P.A., Phoenix, AZ, for defendant Integra National Bank/North.
P. Bruce Converse, Gary L. Birnbaum, Mariscal Weeks McIntyre & Friedlander P.A., Phoenix, AZ, for defendant First Bank N.A.
Stephen E. Richman, Christopher Robbins, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, AZ, David H. Carmichael, Bennett Burke & Carmichael L.L.P., Scottsdale, AZ, for defendant Wyoming Student Loan Corporation.
Stephen E. Richman, Christopher Robbins, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, AZ, for defendants Nebraska Higher Education Loan Program, Texas Guaranteed Student Loan Corp., Nebraska Student Loan Program.
Steven Walter Cheifetz, Claudio Eduardo Iannitelli, Cheifetz & Iannitelli P.C., Phoenix, AZ, for defendant Navy Federal Credit Union.
Frank L. Murray, John Charles Josefsberg, Morrison & Hecker, Phoenix, AZ, for Bank One.
Stephen E. Richman, Christopher Robbins, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, AZ, Henry Samuel Weinstock, Nossaman Guthner Knox & Elliott, Los Angeles, CA, Robert S. Lavet, Student Loan Marketing Assoc., Washington, DC, for defendant Student Loan Marketing Association.
Katherine Harmeyer, Snell & Wilmer L.L.P., Phoenix, AZ, for defendant Arizona Educational Loan Marketing Corporation.
Clarke H. Greger, Barry R. Sanders, Ryley Carlock & Applewhite P.A., Phoenix, AZ, for defendant Bank of America.
Henry Samuel Weinstock, Nossaman Guthner Knox & Elliott, Los Angeles, CA, for defendant Student Educational Loan Marketing Corp.
Richard A. Segal, Gust Rosenfeld, Phoenix, AZ, for defendant United Student Aid Funds, Inc.
Christopher Robbins, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, AZ, for defendant Northstar Guarantee, Inc.
David J. Hershman, Chicago, IL, for defendant Illinois Student Assistance Foundation.
J.W. Hernandez-Cuebas, N.Y. State Higher Education Svc. Corp., Albany, NY, for defendant New York State Higher Educ. Services Corp.
Stephen E. Richman, Christopher Robbins, O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, AZ, Ann Smith, Michael Best & Friedrich, Madison, WI, for defendant Great Lakes Higher Education Corporation.
Roger W. Dokken, U.S. Attorney's Office, Phoenix, AZ, John G. Interrante, J. Christopher Kohn, Robert M. Hollis, U.S. Dept. of Justice, Washington, DC, Janet Napolitano, United States Attorney, Phoenix, AZ, Frank W. Hunger, U.S. Dept. of Justice, Federal Programs Branch, Civil Division, Washington, DC, for defendant United States Department of Education.
David C. Tierney, James W. Armstrong, Sacks Tierney & Kasen P.A., Phoenix, AZ, Jerry C. Bonnett, H. Sullivan Bunch, Elaine Ann Ryan, Bonnett Fairbourn Friedman, Heinton Miner & Fry P.C., Phoenix, AZ, Mary Gillen Fenske, Kenneth John Ingram, Whiteford Taylor & Preston, Washington, DC, for defendant Accrediting Council for Independent Colleges and Schools.
*338 William W. Drury, Jr., Renaud Cook Videan Geiger & Drury P.A., Phoenix, AZ, for defendant National Court Reporters Ass'n.
Ralph D. Harris, Burch & Cracchiolo P.A., Phoenix, AZ, for defendant CitiBank (New York State).
Roger W. Dokken, U.S. Attorney's Office, Phoenix, AZ, John G. Interrante, J. Christopher Kohn, Robert M. Hollis, U.S. Dept. of Justice, Washington, DC, Janet Napolitano, United States Attorney, Phoenix, AZ, Frank W. Hunger, U.S. Dept. of Justice, Federal Programs Branch, Civil Division, Washington, DC, for cross-claimant U.S. Dept. of Educ.

ORDER
MUECKE, District Judge.
Having considered defendants Student Education Loan Marketing Corporation's [SELMAC] and Arizona Educational Loan Marketing Corporation's [AELMAC] motion to dismiss for failure to state a claim, the court concludes as follows:

Background
Plaintiffs allege in their third amended complaint that in reliance on misrepresentations by American Institute they enrolled in its court reporting program and took out guaranteed student loans to pay American Institute. Relevant to this motion to dismiss, plaintiffs seek injunctive and declaratory relief against SELMAC and AELMAC as secondary market purchasers who purchased the loans after they were made. Plaintiffs allege that American Institute acted as an agent of the lenders and that the secondary purchasers are subject to plaintiffs' defenses to enforcement of the student loans because defendants cannot be holders in due course under the Higher Education Act. Plaintiffs do not allege fraud or wrongdoing on the part of the secondary purchasers.
Defendant SELMAC has filed a motion to dismiss the action against it for failure to state a claim upon which relief can be granted. SELMAC argues that it is entitled to dismissal because plaintiff's claims against it are preempted by the anti-discrimination rules and the purposes of the Higher Education Act. Defendant AELMAC has joined in the motion. Plaintiffs respond that their state law claims are not preempted. Although the parties attached some documents to their motions, the court has not considered those documents in making its decision.

Standard  Motions to Dismiss
A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980); Alonzo v. ACF Property Management, Inc., 643 F.2d 578, 579 (9th Cir.1981); Hunt-Wesson Foods, Inc. v. Ragu Foods, 627 F.2d 919, 924 (9th Cir.1980), cert. denied, 450 U.S. 921, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981). The complaint is construed in the light most favorable to plaintiff, all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party. Miree v. DeKalb County, Georgia, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977); Western Mining Council v. Watt, 643 F.2d 618 (9th Cir.), cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981); Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir.1977). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649-650 (9th Cir.1984). A complaint that lacks an allegation regarding a required element necessary to obtain relief may be dismissed. See Havoco of America, Ltd. v. Shell Oil Co., 626 F.2d 549, 553 (7th Cir.1980).

Alleged Facts
The parties agree that the following facts are undisputed: SELMAC, formerly known as California Student Loan Finance Corporation, is a California nonprofit public benefit corporation that was established to expand the availability of federally guaranteed student loans to eligible students by creating a *339 secondary market to whom lenders could sell their loans and thereby obtain the funds to originate additional guaranteed student loans. SELMAC raises funds to purchase guaranteed student loans by issuing tax-exempt bonds to the public. SELMAC purchased plaintiff Lee's loan in 1988 after she completed her court reporting program in 1987, received some loan payments from her and sold her loan to Sallie Mae in January of 1993 before this action was commenced in 1994.
AELMAC, the Arizona Educational Loan Marketing Corporation, is the Arizona equivalent of SELMAC and holds some loans of American Institute students as a secondary purchaser of those loans.

Discussion

I. Is plaintiffs' state law claim against the secondary purchasers preempted by the anti-discrimination rules of the Higher Education Act [HEA]?
As a general rule, preemption may occur if: (1) Congress states that preemption exists in express terms; (2) Congress' intent can be inferred where the scheme of federal regulation is sufficiently comprehensive that Congress left no room for state regulation; or (3) where Congress has not completely preempted state law, federal law may preempt to the extent that state law actually conflicts so that compliance with both is a physical impossibility. California Federal Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 281, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987).
One court has held that any students' attempts to rescind guaranteed student loans are preempted by the Higher Education Act's comprehensive body statutory and regulatory law. Graham v. Security Savings & Loan, 125 F.R.D. 687, 692-93 (N.D.Ind.1989), aff'd on other grounds sub. nom. Veal v. First American Savings Bank, 914 F.2d 909 (7th Cir.1990). Other courts have found that the Higher Education Act may preempt state law claims under two circumstances: (1) if it is impossible for an individual to abide by both state law and the HEA; or (2) if the state law precludes execution of the purposes and objectives of the HEA. In both cases, the HEA preempts the state law. Keams v. Tempe Technical Institute, Inc., 39 F.3d 222, 225-26 (9th Cir.1994); Armstrong v. Accrediting Council for Continuing Education & Training, 832 F.Supp. 419, 429 (D.D.C.1993); Tipton v. Sec'y of Education, 768 F.Supp. 540, 555 (S.D.W.Va.1991).
Both plaintiffs and defendants agree that, based on Ninth Circuit law, the Higher Education Act does not completely preempt all state claims. Keams, 39 F.3d at 225. The Ninth Circuit has addressed the issue of preemption of state negligence claims against accreditors and adopted the limited view of preemption finding that "we infer preemption of state law if compliance with both state and federal law would be impossible or state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Keams, 39 F.3d at 225.
Defendants first argue that the anti-discrimination provision of the Higher Education Act preempts plaintiffs' state law claim against them in this case as they could not comply with both the anti-discrimination provisions and state law. In their complaint, plaintiffs allege that American Institute acted as an agent of the lenders and that the secondary purchasers are subject to plaintiffs' defenses to enforcement of the student loans because defendants cannot be holders in due course because of the regulatory requirements under the Higher Education Act. Plaintiffs do not allege fraud or wrongdoing on the part of the secondary purchasers.
The anti-discrimination provision of the HEA provides that a holder's plan [secondary lenders/purchasers in this case] must contain provisions designed to insure that:
the Authority will, within the limit of funds available and subject to the applicable State and Federal law, make loans to, or purchase loans incurred by, all eligible students who are residents of, or who attend an eligible institution within, the area served by the Authority.
20 U.S.C.A. § 1087-1(e)(2)(D) (West Supp. 1996).
Because they were required to purchase any loan from any eligible student who attended any eligible institution in its area, the defendants *340 could not refuse to purchase plaintiffs' loans that were originally made for attendance at American Institute. Id.; 34 C.F.R. § 682.801(d) (1995).[1] Failure of defendants to follow this plan rule, results in penalties against defendants including but not limited to lost payments, suspension or revocation of the plan for doing business or repayment of funds. 34 C.F.R. § 682.804 (1995). Therefore, had the defendants refused to purchase loans for attendance at American Institute, they could have lost their federal interest subsidies or their ability to operate under the guaranteed student loan program for discriminating against a school. Id.
In addition, under the HEA and regulations the defendants have no oversight or control over school programs. Under the HEA, the Department of Education has the power and responsibility to supervise the schools' educational programs, to monitor compliance with guaranteed student loan provisions and to enforce those requirements by penalizing, suspending or terminating schools that violate the HEA or make misrepresentations representations regarding their programs and services. 20 U.S.C.A. § 1094(c) (West Supp.1996). Defendants have no authority to supervise the schools and must take loans from any school approved by the Department of Education.
The plaintiffs argue that the defendants are only required to purchase loans that are legal and binding. However, this argument ignores the fact that the secondary purchasers have no authority to investigate and monitor schools to determine if they are in compliance with Department of Education standards. Even if they could investigate and monitor, defendants could not refuse to purchase the loans from a particular institution. Therefore, they could not determine whether loans were obtained absent fraud under state law or act to reject loans from schools even if they thought the loans were improperly obtained by the schools.
Plaintiffs argue that "financial defendants" were required to conduct "due diligence" inquiry into the students' ability to repay the loans. However, a review of the due diligence standard establishes that the regulations apply due diligence to "making" of a loan. 34 C.F.R. § 682.206(d)(1) (1995). Therefore, the due diligence standard does not apply to secondary purchasers who did not make the loans but purchased those loans to allow other students to obtain student loans.
Because the HEA and its regulations do not give the secondary purchasers the authority to investigate schools and the secondary purchasers cannot refuse a loan based on the school attended by the student, the secondary purchasers cannot comply with both the HEA and state law which allegedly subjects them to liability because the HEA regulations prohibit them from being holders in due course. Therefore, the HEA preempts plaintiffs' state law claim that subjects the secondary purchasers, as non holders in due course, to liability for plaintiffs' defenses against payment of the student loans. Keams, 39 F.3d at 225. See Armstrong v. Accrediting Council, 832 F.Supp. at 429-31. Cf. Tipton, 768 F.Supp. at 554-60.

II. Is plaintiffs' state law claim preempted because the claim is an obstacle to the full purposes and objectives set forth by Congress in the HEA?
Defendants also argue that the state claim asserted against them is an obstacle to the accomplishment and execution of the purposes and objectives of Congress in the Higher Education Act. The purpose of the Higher Education Act guaranteed student loan program is to encourage private institutions to make, purchase and guarantee loans to any eligible student attending an institution certified as "eligible" by the Department of Education. 1980 U.S.Code Cong. & Admin.News, p. 3168, 3171; 1976 U.S.Code Cong. & Admin.News, p. 4740, 4809. The secondary market frees additional guaranteed *341 student loan funds allowing more loans to be made from the limited guaranteed student loan resources. As set forth above, the Department of Education, not the secondary lenders, has the authority to supervise and police the schools. Requiring secondary purchasers to repay loans obtained by schools by fraudulent means would punish innocent nonprofit purchasers and drive them out of the student loan program. If these secondary purchasers are eliminated, the fund for available guaranteed student loans will decrease and fewer students will be able to obtain loans. Therefore the "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress"  the freeing of guaranteed student loan money to allow more guaranteed student loans. Thus, the state claim against the secondary purchasers is preempted in this case. Keams, 39 F.3d at 225.
The court notes that numerous defendants are still a part of this case including the school, which is still operating, and numerous financial defendants. Therefore, plaintiffs are not without a remedy for their alleged fraud.
IT IS THEREFORE ORDERED THAT Defendants' [SELMAC and AELMAC] motion to dismiss plaintiffs' claims [doc 317] is granted. The Clerk of Court shall dismiss defendants Student Education Loan Marketing Corporation [SELMAC] and Arizona Educational Loan Marketing Corporation [AELMAC] from this action.
NOTES
[1] In a normal commercial context, a lender can avoid risky transactions or increase fees or interest to compensate for the risk. However, as set forth above, in the case of the student loan programs, the secondary markets are non-profit public benefit corporations participating in a social welfare program that prohibits increased fees or interest and does not allow the secondary purchaser to refuse to purchase the loans.